## 20867

WALLACE CONCRETE PIPE COMPANY, Respondent, v.
McGregor DOWNS, L. P., Appellant.

(251 S. E. (2d) 759)

*Rudolph C. Barnes, Jr.,* of *Barnes, Austin & Lightsey,*
Columbia, *for appellant.*

*Frank A. Graham, Jr.,* Columbia, *for respondent.*

January 30, 1979.

GREGORY, Justice:

Appellant McGregor Downs, L.P. appeals from an order
of the lower court foreclosing a mechanics lien held by re-
spondent Wallace Concrete Pipe Company. We reverse.

Between January and June 1974, Wallace Concrete Pipe Company furnished materials to Heyward Trotter, d/b/a Earth Moving Company, the general contractor. These materials were used by Trotter upon lands owned by McGregor Downs.

By letter dated July 20, 1974 McGregor Downs terminated its contract with Trotter for reasons not pertinent to this appeal. On August 23, 1974 Wallace Concrete Pipe Company filed a mechanics lien against McGregor Downs for the purchase price of the materials furnished to and used by Trotter on the lands of McGregor Downs. Thereafter, Wallace Concrete Pipe Company initiated this action to foreclose the mechanics lien.

The matter was referred to a special referee who recommended that Wallace Concrete Pipe Company's prayer for foreclosure be denied. The lower court sustained Wallace Concrete Pipe Company's exceptions to the report of the special referee and granted judgment for foreclosure. This appeal by McGregor Downs followed.

The parties agree that under Section 29-5-40, 1976 Code of Laws of South Carolina, Wallace Concrete Pipe Company can recover only if at the time the mechanics lien was filed McGregor Downs owed an amount under the construction contract to Trotter.

The special referee found as a fact that at the time the mechanics lien was filed there was no amount due to Trotter.

The lower court disagreed and found as a fact that at the time the mechanics lien was filed Trotter was due at least four thousand five hundred eleven and 65/100 ($4,511.65) dollars.

We are now called upon to resolve this factual dispute.

As this is an action at law, *Diamond Swimming Pool Co. v. Broome,* 252 S. C. 379, 166 S. E. (2d) 308 (1969); *Stone & Clamp v. Holmes,* 217 S. C. 203, 60 S. E. (2d) 231 (1950); *Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394 (1909), tried by the judge without a jury,

the findings of fact of the trial judge have the force and effect of a jury verdict and are conclusive upon appeal when supported by competent evidence. This rule is the same whether the trial judge's findings are made with or without a reference. *Townes Assoc., Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

We will therefore review the evidence, not to determine the preponderance thereof, but to determine whether there is any evidence that reasonably supports the factual findings of the trial judge.

Under the contract between McGregor Downs and Trotter, periodic progress payments were to be made to Trotter as follows:

### Article 6

#### Progress Payments

Based upon Applications for Payment . . . the Owner shall make progress payments . . . as follows:

On or about the 20th day of each month 80% of the proportion of the Contract Sum properly allocable to labor, materials and equipment incorporated in the work up to the 10th day of that month, less the aggregate of previous payments in each case; and upon the substantial completion of the entire work, a sum sufficient to increase to total payments of 100% of the Contract Sum, . . . .

The evidence introduced by respondent to establish that Trotter was due payment from McGregor Downs consisted of several allegedly unpaid requests for periodic payment. Each of these requests was submitted to and refused by McGregor Downs before July 20, 1974.

After payment on these requests was refused, Trotter met with Coley Brown, a general partner of McGregor Downs, and Ralph Smith, the project engineer, to discuss the status of Trotter's work under the contract and to reach an agreement as to what amount, if any, Trotter was due from McGregor Downs. The result of this meeting was a docu-

ment of accounting signed by Brown for McGregor Downs, Trotter and Smith which indicates that as of July 20, 1974 Trotter had been overpaid one thousand eight hundred two and 55/100 ($1,802.55) dollars. This document was introduced at trial by McGregor Downs and is a detailed breakdown of the percentage of the work completed by Trotter; the proportion of the contract sum properly allocable to the percentage of work completed; and the amount actually paid to Trotter by means of periodic progress payments. The three men agreed in the document of accounting that, based on the percentage of work completed, Trotter was entitled to be paid one hundred thirty four thousand, eight hundred fifty three and 45/100 ($134,853.45) dollars. The three men further agreed that Trotter had already been paid one hundred thirty six thousand, six hundred fifty six ($136,-656.00) dollars.

Thus, notwithstanding the several unpaid requests for periodic payment, Trotter recognized in the document of accounting that he had in fact been overpaid one thousand eight hundred two and 55/100 ($1,802.55) dollars.

The order of the lower court does not recite the facts that served as the basis for the finding that Trotter was due at least four thousand five hundred eleven and 65/100 ($4,511.65) dollars from McGregor Downs. Our review of the transcript of record reveals no evidence that reasonably supports that finding. To the contrary, all the evidence in the record indicates that at the time respondent filed its mechanics lien, Trotter had been overpaid.

Since there is no evidence that reasonably supports the factual findings of the trial judge, the judgment below is reversed and the case remanded to the lower court for entry of judgment in favor of appellant.

Reversed and Remanded.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.