22096

Larry SINGLETARY, Appellant, v. STATE of South Carolina, Respondent.
(316 S. E. (2d) 369)

Supreme Court

*William T. Toal,* of *Johnson, Toal & Battiste, P.A.,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock,* and *Asst. Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent.*

May 8, 1984.

LITTLEJOHN, Chief Justice:

In May 1982, a jury convicted Larry Singletary, Appellant, of two counts of murder. The Appellant failed to perfect a direct appeal. This court issued a Certificate of No Return and dismissed the appeal. Appellant then filed for post conviction relief (PCR) alleging that the trial judge's charges were erroneous and that he had been denied his sixth amendment right to effective counsel. The PCR judge denied Appellant's petition, and this appeal followed. We affirm.

He would challenge the correctness of the judge's charge which included the following:

> *What is reasonable doubt?* It is not an imaginary or fanciful doubt; *it is a substantial doubt.* It is a doubt which the words imply; a doubt for which you can give or assign a reason based on the testimony and the evidence in this case. . . . A reasonable doubt is a doubt which makes an honest, sincere, conscientious juror in search of the truth hesitate . . . .

> Malice is the word suggesting wickedness, hatred, and a determination to do what one knows to be wrong without just cause or excuse or legal provocation. Malice is a term of art; a technical term importing wickedness and excluding just cause or excuse. It is something which springs from wickedness, from depravity, from a heart devoid of social duty and fatally bent upon mischief.... *Malice is said to be expressed where there is manifested a violent, deliberate intention unlawfully to take away the life of another human being.*

No objection was made to either of these charges.

Trial counsel filed notice of intent to appeal. Appellant's family hired other counsel to replace trial counsel. This counsel filed notice of intent to appeal, ordered the transcript, and served the State with a proposed case and exceptions. After reviewing the record and talking with the family, he decided not to perfect the appeal because he believed that an appeal would be frivolous.

He informed the family of this. He does not specifically recall telling Appellant that he was not perfecting the appeal. He does recall telling Appellant that he was not going forward with it and that Appellant should try PCR.

This court dismissed the appeal. Appellant then filed for PCR, alleging that:

(1) The above stated charges of the trial judge were erroneous and denied Appellant his due process rights; and

(2) The failure of his trial attorney to object to the charges and the failure of retained counsel to perfect the appeal amounted to ineffective assistance of counsel.

The PCR judge found that he had waived his right to appeal and had received effective assistance of counsel.

This court granted Appellant's petition for a writ of certiorari to review the waiver issue and allowed Appellant to brief any other trial errors. *White v. State,* 263 S. C. 110, 208 S. E. (2d) 35 (1974).

> "On appeal from an order granting post conviction relief, our review is limited to whether there is any evidence to support the trial court's findings of fact."

*Greene v. State,* 276 S. C. 213, 214, 277 S. E. (2d) 481, 481 (1981). A review of the record reveals that Appellant knew of his right to appeal and voluntarily waived that right. The PCR judge correctly found that Appellant waived his right to a

direct appeal. Nevertheless, in accordance with *White v. State,* we have reviewed the errors alleged to have occurred at trial.

Appellant failed to object to either of the charges by the trial judge. "... [T]he failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge." *State v. Humphrey,* 276 S. C. 42, 44, 274 S. E. (2d) 918, 918 (1981) (quoting *State v. Todd,* 264 S. C. 136, 139, 213 S. E. (2d) 99 (1975)).

Regardless of this waiver, neither charge is erroneous. "[I]t is not error to equate substantial doubt with reasonable doubt." *State v. Butler,* 277 S. C. 452, 458, 290 S. E. (2d) 1, 4 (1981), *cert. denied,* 459 U.S. 932, 103 S. Ct. 242, 74 L. Ed. (2d) 191 (1982) (quoting *State v. Griffin,* 277 S. C. 193, 198, 285 S. E. (2d) 631, 633 (1981)). The charge on malice, read in its entirety, has the approval of this court. *State v. Judge,* 208 S. C. 497, 38 S. E. (2d) 715 (1946).

Finally, the PCR judge's finding that Appellant's sixth amendment right to counsel was not violated is also supported by the evidence. Neither the trial counsel's failure to object to the judge's charges nor the retained counsel's failure to perfect an appeal amount to ineffective assistance of counsel. *Marzullo v. Maryland,* 561 F. (2d) 540 (4th Cir. 1977).

Affirmed.

NESS, GREGORY and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.