## 22213

The STATE, Respondent, v. Vincent KEITH, Appellant.

(325 S. E. (2d) 325)

Supreme Court

*Deputy Appellate Defender William Isaac Diggs*, and *Asst. Appellate Defender Stephen P. Williams*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Charles H. Richardson*, Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard Dec. 11, 1984.

Decided Jan. 17, 1985.

HARWELL, Justice:

The appellant Vincent Keith was convicted of armed robbery, conspiracy to commit armed robbery, and assault and battery with intent to kill. The trial judge sentenced him to 25 years for armed robbery, 20 years for assault and battery with intent to kill, and five years for conspiracy to commit armed robbery, the sentences to run consecutively. We affirm.

The victim was walking along a public street at about 9:15 P. M. He was accosted by three men who demanded money. When the victim denied having any, the men beat him and began to rifle his pockets. They first found the victim's wallet containing money. After taking the money, the men found the victim's pocketknife and stabbed him repeatedly. They then ran away with the money.

The appellant contends that, since the men did not become armed until after taking the victim's money, the armed robbery conviction and sentence must be reversed. We disagree.

Armed robbery occurs when a person commits common law robbery while armed with a deadly weapon. S. C. Code Ann. § 16-11-330 (1976). Robbery is the crime of larceny accomplished with force, *State v. Brown*, 274 S. C. 48, 260 S. E. (2d) 719 (1979), while larceny is the "felonious taking and carrying away of the goods of another" against the owner's will or without his consent. *Id.* Thus, asportation is an element of robbery and armed robbery.

In *State v. Jones*, 273 S. C. 723, 259 S. E. (2d) 120 (1979), this Court upheld an armed robbery conviction even though the defendant was apparently unarmed at the time the victim's ring was taken. We stated, "It is not necessary that the perpetrator be armed throughout the commission of the crime." However, in *Jones* the defendant had threatened the victim with a deadly weapon before raping her, and subsequently robbed her. In the case at bar, no weapon appeared until after the money was taken from the victim.

Nevertheless, we hold that when a defendant commits robbery without a deadly weapon, but becomes armed with a deadly weapon before asportation of the victim's property, a conviction for armed robbery will stand. "[T]he robber need not be armed at all times during the robbery in order to be guilty of (armed robbery). [H]e is guilty ... if he arms himself or becomes armed with a deadly weapon at any time during the progress of the taking or while the robbery is

being perpetrated ... [T]he crime of robbery is not completed the moment the stolen property is in the possession of the robbers, but may be deemed to continue during their attempt to escape." 77 C.J.S. *Robbery*, § 25 (1952). *See also, State v. Bridges*, 444 So. (2d) 721 (La. App. 1984); *People v. Heller*, 131 Ill. App. (2d) 799, 267 N. E. (2d) 685 (Ill. 1971).

The appellant's remaining assertions lack merit.

The judgment below is, accordingly

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.