22839

The STATE, Respondent v. Frank MIDDLETON, Appellant.

(368 S. E. (2d) 457)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams* of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka*, Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard Dec. 9, 1987.

Decided Feb. 22, 1988.

GREGORY, Justice:

Appellant was convicted of murder and sentenced to death in January 1985. His conviction was reversed on appeal. *State v. Middleton*, 288 S.C. 21, 339 S.E. (2d) 692 (1986). Appellant was retried and convicted of murder, first degree criminal sexual conduct, and armed robbery. He was again sentenced to death. This appeal consolidates his direct appeal and our mandatory review of his death sentence pursuant to S.C. Code Ann. § 16-3-25 (1985). We affirm.

## GUILT PHASE

Appellant claims he was entitled to a directed verdict of acquittal on the charge of armed robbery. We disagree.

At the time of his arrest, appellant gave a statement to police. He indicated he had escaped from a Department of Corrections work crew at a rest area on an interstate highway and hitch-hiked to a small town where he slept outdoors for two nights. The next morning, he saw a middle-aged black woman approaching on a path through the woods. He jumped her and grabbed her purse. She screamed and he dragged her back into the brush. He was holding a knife. Appellant raped the victim and then tied and gagged her. He took five dollars from her purse and went to buy food at a nearby store. When he returned, he discovered the victim was dead and attempted to bury her. He later returned to the scene to burn the body and removed some jewelry. A knife was found in appellant's pocket at the time of his arrest along with jewelry identified as the victim's.

Armed robbery may be proved by showing the defendant became armed before asportation of the stolen property. *State v. Keith*, 283 S.C. 597, 325 S.E. (2d) 325 (1985). It is not necessary that the perpetrator be armed throughout commission of the crime. *Id.* Appellant's statement and the corroborating evidence were sufficient to submit the issue of armed robbery to the jury. The trial judge properly denied appellant's motion for directed verdict. *State v. Owens*, 291 S.C. 116, 352 S.E. (2d) 474 (1987).

Next, appellant contends the trial judge should have suppressed his written and signed confession because the oral confession upon which it was based was not voluntarily given. We disagree.

Appellant testified at the suppression hearing that he did not receive Miranda warnings and that a police officer threatened to shoot him if he did not confess. Police officers testified appellant was first advised of his Miranda rights upon his arrest at 11:00 p.m. and on at least two other occasions during the night. These warnings included advice that he could stop talking whenever he wished. Appellant indicated he understood his rights and wished to waive them. Police officers further testified they did not threaten or hurt appellant or coerce him to sign the written waiver of rights form.

A confession may be introduced into evidence upon proof of its voluntariness by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed. (2d) 618 (1972); *State v. Neeley*, 271 S.C. 33, 244 S.E. (2d) 522 (1978); *State v. Smith*, 268 S.C. 349, 234 S.E. (2d) 19 (1977). We find no error in the trial judge's refusal to suppress the statement as a matter of law. The trial judge properly submitted the conflicting evidence on the issue of voluntariness for the jury's consideration. *State v. Adams*, 279 S.C. 228, 306 S.E. (2d) 208 (1983).

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *State v. Linder*, 276 S.C. 304, 278 S.E. (2d) 335 (1981) (solicitor's closing argument); *Singletary v. State*, 281 S.C. 444, 316 S.E. (2d) 369 (1984) (reasonable doubt charge). We find no reversible error in the guilt phase of appellant's trial.

## SENTENCING PHASE

Appellant claims the solicitor's closing argument in the sentencing phase improperly "appealed to the passion and sympathy of the jury." The solicitor stated: "To sentence [appellant] other than to death would be a mockery of the memory of Shirley Mae Mack." The trial judge overruled appellant's objection to this statement.

The trial judge is vested with broad discretion in determining the propriety of the solicitor's argument to the jury. *State v. Linder, supra.* The solicitor's argument should not appeal to the personal bias, passion, or prejudice of the jury. *Id.* We find no abuse of discretion in the trial judge's ruling under this standard.

Appellant raises several exceptions regarding the trial judge's charge to the jury. First, he claims the trial judge erred in submitting the statutory aggravating circumstance of first degree criminal sexual conduct because at the time this offense was committed, S.C. Code Ann. § 16-3-20(C)(a)(1) provided for an aggravating circumstance of rape.[1] We disagree.

This Court has held the legislature intended the terms "rape" and "criminal sexual conduct" to be interchangeable. *State v. Stewart,* 283 S.C. 104, 320 S.E. (2d) 447 (1984). Appellant's statement indicated he had sexual relations with the victim. The State's pathologist testified a chemical analysis of the victim's mouth revealed fellatio had occurred. Vaginal intercourse was not excluded although there was no evidence of vaginal trauma. At the guilt phase of trial, appellant was convicted of first degree criminal sexual conduct. The same evidence supporting the conviction for first degree criminal sexual conduct supports submission of the aggravating circumstances of rape.

Next, appellant complains the trial judge should have sua sponte charged the jury not to consider parole eligibility. He argues without this charge appellant's status as an escapee at the time of the murder influenced the jury not to return a life sentence.

This argument is without merit. *State v. Norris,* 285 S.C.

---

[1] The statute was amended to replace "rape" with "criminal sexual conduct in any degree." S.C. Code Ann. § 16-3-20(C)(a)(1) (Supp. 1986).

86, 328 S.E. (2d) 339 (1985), requires the "no consideration of parole" charge be given only when the jury raises the issue. Moreover, the solicitor's reference to appellant's escape made no mention of parole and such a charge was not necessary. *State v. Drayton*, 293 S.C. 417, 361 S.E. (2d) 329 (1987).

Next, appellant complains the trial judge improperly charged the jury to "weigh" the aggravating and mitigating circumstances in rendering its decision in the sentencing phase.

Recently, this Court instructed the trial bench not to charge the jury to weigh aggravating and mitigating circumstances. *State v. Bellamy*, 293 S.C. 103, 359 S.E. (2d) 63 (1987). This case was tried before the date of our opinion in *Bellamy*. The trial judge twice used the word "weigh" in his instructions. He clearly instructed the jury, however, it could consider any other factor in mitigation and could recommend a life sentence for no reason at all. Considering the charge as a whole, we find no error.

In the sentencing phase, appellant's confession introduced during the guilt phase was resubmitted including previously deleted descriptions of other crimes. Appellant confessed to an assault on a woman at the rest area when he first escaped and to the rape and murder of a second woman later that day. Appellant complains the trial judge should have charged the jury it must find the confession was voluntarily given before considering it. *See State v. Adams*, 277 S.C. 115, 283 S.E. 582 (1981); *State v. Drayton*, 287 S.C. 226, 337 S.E. (2d) 216 (1985).

The appropriate charge was given at the close of the guilt phase regarding the same confession. The trial judge carefully instructed the jury at the penalty phase that the parts of the confession regarding other crimes constituted evidence of character not to be considered as substantive evidence of the aggravating circumstances. *State v. Stewart, supra.* The reliability of this evidence of character was supported by corroborating evidence that appellant in fact committed these other crimes. Because the confession to other crimes was given under the same circumstances as the confession considered by the jury in the guilt phase subject to the proper charge, the failure to give the charge, if error,

was harmless beyond a reasonable doubt. *See State v. Adams, supra.*

Appellant further contends the trial judge should have charged the jury that it must find the proof of other crimes was clear and convincing before considering it as evidence. We disagree.

Appellant relies on *State v. Conyers,* 268 S.C. 276, 233 S.E. (2d) 95 (1977), in which this court held evidence of other crimes is admissible under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923), only if it is clear and convincing. Evidence admitted under *Lyle,* however, is substantive evidence to establish guilt, not character evidence relevant to capital sentencing. *Cf. State v. Shaw,* 273 S.C. 194, 255 S.E. (2d) 799 (1979). The charge given in this case was sufficient under *State v. Stewart, supra,* to ensure the jury did not use the evidence improperly to establish guilt of aggravating circumstances.

Appellant contends the trial judge should have sua sponte instructed the jury in the sentencing phase to draw no adverse inference from appellant's failure to testify.

This Court has held this charge applies to the sentencing phase as well as the guilt phase of a capital trial. *State v. Bellamy, supra; State v. Arther,* 290 S.C. 291, 350 S.E. (2d) 187 (1986). It is not reversible error, however, when no request is made absent other circumstances such as prejudice from the solicitor's reference to the defendant's silence. *State v. Arther, supra.* Here, the solicitor made no reference to the appellant's failure to testify and counsel requested no adverse inference charge. We find the error harmless beyond a reasonable doubt.

Appellant contends the trial judge's charge violated this Court's recent admonition in *State v. Bellamy, supra,* that the trial judge must convey to the jury the idea that its sentencing recommendation will be followed.

Without the benefit of our opinion in *Bellamy,* the trial judge used the statutory word "recommend" throughout his sentencing charge as previously approved. *State v. Linder, supra.* The trial judge, however, clearly explained to all prospective jurors that "the ultimate punishment of the defendant will be in your hands if you as a member of the trial jury have found the defendant guilty." This instruction

was sufficient to satisfy the *Bellamy* requirement.

Relying on *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L. Ed. (2d) 335 (1986), appellant contends imposition of the death sentence is cruel and unusual punishment because of his alleged mental retardation. We disagree.

In *Ford v. Wainwright,* the United States Supreme Court concluded a convicted capital defendant cannot be executed if he is insane because he cannot comprehend the reason for the penalty or its implications. Appellant's reliance on *Ford* is misplaced. Appellant offered no evidence he did not understand why he was being punished. In his closing statement to the jury he said: "The way I feel, my opinion on it, is that like to sentence me to death, strap me down in that chair, wouldn't bring back the life of Mrs. Shirley Mae Mack." This statement indicates appellant understands the significance of a death sentence and the reason it would be imposed.

Moreover, appellant was given a full opportunity at the penalty phase to present evidence in mitigation. He introduced evidence that he is a borderline mental retardate with an IQ of 68 and that he suffers from an anti-social personality disorder and attention deficit disorder. Based on this evidence, the trial judge charged the jury to consider three statutory mitigating circumstances concerining impaired mentality. S.C. Code Ann. § 16-3-20(C)(b)(2), (6), and (7) (1985). Because the jury considered appellant's mental condition as indicated by the mitigating circumstances in evidence, we find the death sentence was constitutionally imposed. *See Roach v. Martin,* 757 F. (2d) 1463 (4th Cir. 1985).

We have conducted the sentence review required by S.C. Code Ann. § 16-3-25 (1985) and conclude the evidence supports the jury's findings of aggravating circumstances. We find the death sentence was not arbitrarily imposed and is proportionate to the penalty in similar cases. *State v. Jones,* 288 S.C. 1, 340 S.E. (2d) 782 (1985); *State v. Plemmons,* 286 S.C. 78, 332 S.E. (2d) 765 (1985); *State v. Skipper,* 285 S.C. 42, 328 S.E. (2d) 58 (1985); *State v. Butler,* 277 S.C. 452, 290 S.E. (2d) 1 (1982). Accordingly, appellant's

convictions and death sentence are

Affirmed.

NESS, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.