## 1379

Sheila SHEPARD, Administratrix of the Estate of Shirley Mae Mack, deceased, Appellant v. The SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, The South Carolina Department of Highways and Public Transportation, Edsel T. Taylor, Warden, MacDougall Youth Correction Center; William D. Leeke, Director, South Carolina Department of Corrections; Walker Regan, Chief Highway Commissioner, South Carolina Department of Highways and Public Transportation; Louis A. Singletary, Berkeley County Resident Maintenance Engineer of the South Carolina Department of Highways and Public Transportation; Calvin Simmons and Walter Simmons, Respondents.

(385 S. E. (2d) 35)

Court of Appeals

*Andrew J. Savage, III*, Charleston, and *Thomas H. Pope, III* of *Pope & Hudgens*, Newberry, *for appellant.*

*Bruce E. Miller* and *Robert A. Patterson* of *Barnwell, Whaley, Patterson & Helms*, Charleston, *for respondents.*

Heard Jan. 23, 1989.

Decided July 31, 1989.

BELL, Judge:

Sheila Shepard, the Administratrix of the estate of Shirley Mae Mack, brought these statutory actions for wrongful death and survival against the South Carolina Department of Corrections and the South Carolina Department of Highways and Public Transportation. The individual defendants are various officers and servants of the two Departments. The cases were tried before the circuit court sitting without a jury. At the conclusion of Shepard's case, the defendants moved to dismiss the complaints pursuant to Rule 41(b), S. C. R. Civ. P. on the ground that on the facts and law she had shown no right to relief. The court granted the motion and entered judgment for the defendants. Shepard appeals. We affirm.

In an action at law tried before a judge sitting without a jury, the trial judge's findings of fact have the same force and effect as a jury verdict and are conclusive on appeal when supported by competent evidence. *Wallace Concrete Pipe Company v. Downs, L. P.*, 272 S. C. 335, 251 S. E. (2d) 759 (1979). The appellate court must view the evidence and the inferences to be drawn therefrom in the light most favorable to the respondent. *Elders v. Parker*, 286 S. C. 228, 332 S. E. (2d) 563 (Ct. App. 1985). If there is any evidence which reasonably tends to support the judge's findings, the judgment must be affirmed. *Id.*

Viewed in the light most favorable to the respondents, the evidence reveals the following facts.

On June 8, 1984, the Corrections Department detailed Frank Middleton, a prisoner in its custody, to work on a Highway Department road crew near Goose Creek in Berkeley County. The crew was supervised by unarmed Highway Department employees. Middleton had been working on similar Highway Department crews since March of that year without incident.

At approximately three o'clock that afternoon the two crew supervisors were operating a truck and a van along the frontage road behind Highway I-26. Middleton and the other prisoners on the crew were riding on the vehicles. Both

supervisors stopped their vehicles on the frontage road immediately behind a rest area on I-26. A chain link fence separated the frontage road from the rest area. The supervisors and the prisoners left the vehicles and crawled under the fence into the rest area to take a break from work. The supervisors knew this violated Highway Department policy, which prohibits prisoner work crews from going into rest areas or welcome centers along interstate highways.

While the crew was in the rest area, Middleton asked a supervisor if he could return to the van. The supervisor gave permission. Middleton returned to the van alone. There he was out of visual contact with both supervisors. This violated a Highway Department policy which requires supervisors to keep prisoners within sight at all times. A few minutes later, without being seen, Middleton went from the van to the ladies' rest room, where he raped a woman. He then fled from the rest area.

Middleton hitchhiked to a small town in Charleston County, where he slept out of doors for two nights. On June 9th, he raped and murdered another woman. On June 10th, he accosted Shirley Mae Mack as she was walking through a wooded area, assaulted her with a knife, robbed her, raped her, tied and gagged her, took money from her purse, and went to buy food at a nearby store. When he returned, he found Mack dead. After attempting to bury the corpse, he removed some jewelry from it and burned it. The next day, June 11th, he attempted to rob a grocery store, assaulting two employees. Later that day, law enforcement officers apprehended him. *See State v. Middleton*, 288 S. C. 21, 339 S. E. (2d) 692 (1986), and 295 S. C. 318, 368 S. E. (2d) 457 (1988).[1]

At trial, Shepard's theory of liability was negligence. She introduced evidence to show that the Corrections Officers and the Highway Officers were guilty of negligent acts and omissions which resulted in Middleton's escape from custody and the murder of Mack. The negligence claim rested on four particulars: (1) the Corrections Department unlawfully assigned Middleton to MacDougall Youth Correc-

---

[1] Middleton was convicted and sentenced to death for Mack's murder. *See State v. Middleton*, 295 S. C. 318, 368 S. E. (2d) 457 (1988), *cert denied*, _____ U. S. _____, 109 S. Ct. 189, 102 L. E. (2d) 158 (1988).

tion Center, a minimum security facility with no walls or fences; (2) the Corrections Department unlawfully classified Middleton for outside work under the supervision of the Highway Department; (3) the Highway Department negligently accepted Middleton for road crew work; and (4) the two supervisors who had charge of Middleton on June 8th negligently supervised him on the road crew.

To recover for negligence, Shepard needed to prove (1) a duty of care owed by the respondents to Mack; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. *South Carolina Insurance Company v. James C. Greene & Company*, 290 S. C. 171, 348 S. E. (2d) 617 (Ct. App. 1986). The absence of any one of these elements renders the cause of action insufficient. *Rayfield v. South Carolina Department of Corrections*, 297 S. C. 95, 374 S. E. (2d) 910 (Ct. App. 1988).

For purposes of this appeal, we assume Shepard established the duty owed and the respondents' breach of that duty. In other words, we start from the premise that the negligent acts and omissions of various officers and servants of the two Departments created the conditions and opportunity for Middleton to escape and inflict the injury. This leaves the issue of proximate causation.

A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred. *Driggers v. City of Florence*, 190 S. C. 309, 2 S. E. (2d) 790 (1939); *See also Hughes v. Children's Clinic, P.A.*, 269 S. C. 389, 237 S. E. (2d) 753 (1977). An act or omission that does no more than furnish the condition or give rise to the occasion by which the injury is made possible is not the proximate cause of the injury. *Driggers v. City of Florence, supra.* Proximate cause is the efficient cause of the injury— the very thing which brings it about. *Hughes v. Children's Clinic, P.A., supra.* In addition, foreseeability of some injury from the act or omission is a prerequisite to its being the proximate cause of the particular injury complained of. *Kennedy v. Carter*, 249 S. C. 168, 153 S. E. (2d) 312 (1967); *see also Overseas Tankship* (U. K.) *Ltd. & Morts Dock & Engineering Company Ltd. (The Wagon Mound)* [1961] A. C. 388.

An act or omission need not be the sole cause of the injury in order to be a proximate cause. A given injury may result from multiple causes. It is enough if the negligent act complained of is at least one of the causes without which the injury would not have occurred. *See Hughes v. Children's Clinic, P.A., supra.* Consequently, if a person's negligence is a proximate cause of an injury to another, the fact that the negligence of a third party concurred with his own negligence to produce the harm does not relieve him of liability. *South Carolina Insurance Company v. James C. Greene & Company, supra.*

A special case is presented if the injury is independently caused by the intervening act of a third party. Generally, if between the time of the original negligent act or omission and the occurrence of the injury, there intervenes a willful, malicious, or criminal act of a third person producing the injury, and the intervening act was not intended by the negligent actor and could not have been foreseen by him as a probable result of his own negligence, the causal link between the original negligence and the injury is broken, and there is no proximate causation. *Stone v. Bethea,* 251 S. C. 157, 161 S. E. (2d) 171 (1986).

The test is whether the intervening act and the injury resulting therefrom are of such a character that the author of the primary negligence should have reasonably anticipated them in light of the attendant circumstances. *Id.* One is not charged with foreseeing that which is unpredictable or which could not be expected to happen. *Id.* On the other hand, it is not necessary that the actor should have contemplated the particular chain of events that occurred, but only that the injury at the hand of the intervening party was within the general range of consequences which any reasonable person might foresee as a natural and probable consequence of the negligent act. *See Crowley v. Spivey,* 285 S. C. 397, 329 S. E. (2d) 774 (Ct. App 1985); *Stewart v. West African Terminals Ltd.* [1964] 2 Lloyd's Rep. 371.

Foreseeability is to be judged from the perspective of the actor at the time of the negligent act, not after the injury has occurred. It is not enough that the danger can be perceived by "looking back at the mishap with

the wisdom borne of the event." *Greene v. Sibley, Lindsay & Curr Company,* 257 N. Y. 190, 192, 177 N. E. 416, 417 (1931) (Cardozo, J.).

Proximate causation is an issue of fact to be determined by the trier of fact. *Cope v. Eckert,* 284 S. C. 516, 327 S. E. (2d) 367 (Ct. App. 1985). In this case, the judge found that the respondents' negligence, if any, was not the proximate cause of Mack's death. Although the factual question is a close one, there is evidence which reasonably supports the judge's finding.

Middleton's incarceration in this case was not his first assignment to MacDougall Correctional Center. He had previously served two years at MacDougall without any record of escapes or attempted escapes. He had no record of violent behavior during the first imprisonment.

Middleton's prior criminal record consisted primarily of convictions for nonviolent offenses. He had received youthful offender sentences for truancy, probation violation, shoplifting, housebreaking and larceny, and robbery (purse snatching). He was paroled from MacDougall in November, 1982.

While on parole, he was convicted of assault and battery of a high and aggravated nature (stabbing). As a result of this conviction, Middleton was again imprisoned at Mac-Dougall in October 1983 with a custody classification of "A-II" (minimum custody/violent offense). Between his incarceration in October and his escape the following June, he had no record of violent behavior in prison and no record of escape or attempted escape. When he was assigned to the outside work crew on June 8, 1984, he had been doing outside work since March 1984 without incident.

Based on this evidence, the trier of fact could reasonably find that the respondents' negligence did nothing more than furnish the conditions or give rise to the occasion by which Middleton was able to bring about Mack's death; in themselves, the respondents' acts and omissions were not what directly brought about the injury. This alone would mean Shepard failed to establish proximate causation.

In addition, the evidence reasonably supports a finding that Middleton's independent acts directly caused the harm and that the respondents neither intended his acts nor could

have been foreseen by them as a probable result of their own negligence. The trier of fact could reasonably conclude that the gap between Middleton's prior offenses and an aggravated rape/murder is simply too great for the respondents to be charged with foresight of the latter. The evidence lends reasonable support to the trial judge's finding that the facts known to the respondents before the event did not reveal a propensity of Middleton to escape, to commit rape, or to commit murder.

Because there is some evidence that reasonably tends to support the judge's factual finding of no proximate cause, we are bound to affirm the judgment. Our decision on this issue makes it unnecessary to decide the other issues raised by the parties.

Affirmed.

SHAW and CURETON, JJ., concur.

