THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Curtis Jerome Mitchell, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-403
Submitted December 1, 2006  Filed December 11, 2006   

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, Office of Appellate Offense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.
 
 
 

PER CURIAM:  Curtis Jerome Mitchell appeals his conviction for armed robbery.[1]  Mitchell argues the trial court erred in two respects: (1) failing to direct a verdict of acquittal on the charge of armed robbery and (2) instructing the jury that a robber need not be armed at all times during the robbery.  We affirm.
1.  We find the evidence presented by the State reasonably tends to prove Mitchell committed armed robbery, and thus the case was properly submitted to the jury.  See State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the court must find the case was properly submitted to the jury.).  The victim testified Mitchell threatened him with a knife while carrying away two cases of chewing tobacco that Mitchell did not pay for.  Armed robbery may be proved by showing the defendant became armed before asportation of the stolen property.  State v. Middleton, 295 S.C. 318, 322, 368 S.E.2d 457, 459 (1988).  It is not necessary that the perpetrator be armed throughout commission of the crime.  Id. 
2.  We find that the trial court properly instructed the jury that a robber need not be armed at all times to be found guilty of armed robbery as requested by the State.  See State v. Santiago, 370 S.C. 153, __, 634 S.E.2d 23, 26 (Ct. App. 2006) (If there is any evidence to support a jury charge, the trial judge should grant the requested charge.).   One of the key issues at trial was whether Mitchell could be guilty of armed robbery when he was not armed with a deadly weapon for the entirety of the crime.  The law of this state is that one need not be armed at all times during a crime to be guilty of armed robbery.  See State v. Keith, 283 S.C. 597, 598, 325 S.E.2d 325, 326 (1985) ([W]hen a defendant commits robbery without a deadly weapon, but becomes armed with a deadly weapon before asportation of the victims property, a conviction for armed robbery will stand.  [T]he robber need not be armed at all times during the robbery in order to be guilty of (armed robbery).) (quoting 77 C.J.S. Robbery, § 25 (1952)).  
Accordingly, the trial court is 
AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1]
We decide this case without oral argument pursuant to Rule 215, SCACR.