People v Jones (2019 NY Slip Op 03300)





People v Jones


2019 NY Slip Op 03300


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9152 3708/12

[*1]The People of the State of New York, Respondent,
v
Davon Jones, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Alan S. Axelrod of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Renee A. White, J.), rendered March 5, 2013, as amended March 6, 2013, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 1½ years, unanimously affirmed.
The court correctly adjudicated defendant a second felony offender based on a conviction under a South Carolina robbery statute that is facially the equivalent of a felony in New York. Defendant has not demonstrated that under South Carolina case law, unlike the rule in New York (see People v Gordon, 23 NY3d 643, 650 [2014]), a person can commit robbery where the only force used is to facilitate an escape after a nonforcible larceny, even after abandoning the stolen property and making no effort to retain it. Defendant cites only to isolated phrases of dictum referring to escape (see State v Mitchell, 382 SC 1, 6-7, 675 SE2d 435, 438 [2009]; State v Moore, 374 SC 468, 478-479, 649 SE2d 84, 89 [2007]; State v Keith, 283 SC 597, 599, 325 SE2d 325, 326 [1985]), that, when read in context, do not support his position.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK