**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mathes Auto Sales, Inc., Respondent/Appellant,

v.

Otis Morris, Jr., Pro Bowl Motors, Inc., Travelers Casualty & Surety Co. of America, Inc., Gerald Scott Dixon, Michael Tyrone Moore, and Dixon's Automotive, LLC, Defendants,

Of Whom Otis Morris, Jr., Pro Bowl Motors, Inc., Gerald Scott Dixon, Michael Tyrone Moore, and Dixon's Automotive, LLC, are the Appellants/Respondents.

Appellate Case No. 2019-000297

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2022-UP-253
Submitted May 2, 2022 – Filed June 8, 2022
Withdrawn, Substituted, and Refiled July 20, 2022

**AFFIRMED AS MODIFIED**

Leland B. Greeley, of Leland B. Greeley, P.A., of Rock Hill, for Appellants/Respondents Dixon Automotive, LLC, Gerald S. Dixon, and Michael T. Moore.

H. Ronald Stanley, of the Stanley Law Group, of Columbia, for Appellants/Respondents Otis Morris, Jr., and Pro Bowl Motors.

J. Gregory Studemeyer, of Irmo, for Respondent/Appellant Mathes Auto Sales, Inc.

---

**PER CURIAM:**  Mathes Auto Sales, Inc. (MAS) filed this action against Otis Morris, Jr., Pro Bowl Motors, Inc. (Pro Bowl), Travelers Casualty & Surety Co. of America, Inc. (Travelers), Gerald Scott Dixon, Michael Tyrone Moore, and Dixon's Automotive, LLC, alleging conversion, negligence, and violations of the South Carolina Unfair Trade Practices Act (UTPA) and the Regulation of Manufacturers, Distributors, and Dealers Act (Dealers Act).  After a bench trial, the master-in-equity awarded MAS $70,736 in actual damages, $212,208 in punitive damages, and $102,489 in attorney's fees and costs.  Morris and Pro Bowl appeal, arguing the master failed to set off the award with the amount MAS received in settlements and in calculating the punitive damages award.  Dixon, Moore, and Dixon's Automotive appeal, arguing the master erred in denying their motion for nonsuit and in adding Dixon and Moore as individual defendants.  MAS appeals, arguing the master erred in failing to award lost profits.  We affirm as modified pursuant to Rule 220(b), SCACR.[1]

1.     We hold the master did not err in failing to set off the award with the amount MAS received in settlements.  *See Bardsley v. Gov't Emps. Ins. Co.*, 405 S.C. 68, 78, 747 S.E.2d 436, 441 (2013) ("The collateral source rule provides that compensation which an injured party receives from a source wholly independent of a wrongdoer will not reduce the damages for which the wrongdoer is liable."); *id.* (explaining the collateral source rule exists because "reducing recovery by the amount of the benefits received by the plaintiff would grant a windfall to the defendant . . . .  If there is a windfall, it is considered more just that the injured person profit rather than grant the wrongdoer relief." (quoting 22 Am. Jur. 2d *Damages* § 392)).

2.     We modify the master's order regarding the award of punitive damages. Under the Dealers Act, the master awarded actual damages of $35,368, doubled the award to $70,736, and awarded punitive damages of three times the $70,736, or

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

$212,208. MAS conceded the punitive damages award should have been three times the actual damages rather than three times the doubled damages. We modify the award of punitive damages to $106,104, which is three times the actual damages of $35,368. *See* S.C. Code Ann. § 56-15-110(3) (2018) (providing for three times actual damages in an award of punitive damages under the Dealers Act).

3.      We find no error by the master in denying the motion for a nonsuit. *See* Rule 41(b), SCRCP (stating the defendant in a non-jury action may move for an involuntary nonsuit at the close of the plaintiff's case on the ground that "upon the facts and the law the plaintiff has shown no right to relief"); *Shepard v. S.C. Dep't of Corr.*, 299 S.C. 370, 372, 385 S.E.2d 35, 36 (Ct. App. 1989) ("In an action at law tried before a judge sitting without a jury, the trial judge's findings of fact have the same force and effect as a jury verdict and are conclusive on appeal when supported by competent evidence."); *id.* ("If there is any evidence which reasonably tends to support the judge's findings, the judgment must be affirmed."); S.C. Code Ann. § 56-15-40(B) (Supp. 2021) (providing that it is a violation of the Dealers Act for a dealer "to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public"); *Taylor v. Nix*, 307 S.C. 551, 555, 416 S.E.2d 619, 621 (1992) ("Arbitrary conduct is readily definable and includes acts which are unreasonable, capricious or nonrational; not done according to reason or judgment; depending on will alone.").

4.      We affirm the master's order adding Dixon and Moore as individual defendants. *Collins Ent. Inc. v. White*, 363 S.C. 546, 562, 611 S.E.2d 262, 270 (Ct. App. 2005) ("It is well established that a motion to amend is addressed to the discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice."); *id.* ("Amendments to conform to the proof should be liberally allowed when no prejudice to the opposing party will result.").

5.      We find no error in the master's failure to award lost profits. *See Taylor*, 307 S.C. at 556, 416 S.E.2d at 622 ("[O]nly damages incurred as a result of the conduct in violation of [the Dealers Act] are recoverable and subject to doubling and punitive damages."); S.C. Code Ann. § 56-15-110(1) (2018) (providing "any person who shall be injured in his business or property by reason of anything forbidden in this chapter may sue therefor in the court of common pleas and shall recover double the actual damages by him sustained"); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 311, 594 S.E.2d 867, 873 (Ct. App. 2004) ("Our task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the damages award.").

**AFFIRMED AS MODIFIED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**