22008

The STATE, Respondent, v. George James HITOPOULUS, Appellant.

(309 S. E. (2d) 747)

*Asst. Appellate Defender Elizabeth C. Fullwood,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Carlisle Roberts, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Nov. 28, 1983.

GREGORY, Justice:

Appellant George James Hitopoulus was convicted of

murder, armed robbery, conspiracy to commit armed robbery, and grand larceny of a vehicle. He was sentenced to consecutive terms of life imprisonment for murder, twenty-five years' imprisonment for armed robbery, five years' imprisonment or a Five Thousand ($5,000) Dollar fine for conspiracy, and ten years' imprisonment for grand larceny. The main issue on appeal involves the refusal of the trial judge to allow appellant to call as a witness the psychiatrist who examined David Roton, his co-defendant who pled guilty to the crimes. We affirm.

At appellant's trial, he sought to examine Roton's psychiatrist who had been employed by Roton's counsel to aid in the preparation of the case. Roton's counsel had told Roton his communications with the psychiatrist would remain confidential. The trial judge refused to allow appellant to question the psychiatrist about any confidential information on the ground that the attorney-client privilege extended to these communications.

Courts in many jurisdictions have held the attorney-client privilege extends to communications between the client and a psychiatrist retained to aid in the preparation of a case. *See Annot.*, 14 A.L.R. 4th 594, 624-630 (1982).

In *United States ex rel. Edney v. Smith*, 425 F. Supp. 1038 (E.D.N.Y. 1976), aff'd without op. 556 F.(2d) 556 (CA2 1977), *cert. den.* 431 U. S. 958, 97 S. Ct. 2683, 53 L. Ed. (2d) 276, the court balanced two competing factors to determine the extent to which the attorney-client privilege extends to a communications by a client to a non-lawyer: (1) the need of the attorney for the assistance of the non-lawyer to effectively represent his client, and (2) the increased potential for inaccuracy in the search for truth as the trier of fact is deprived of valuable witnesses.

■ Roton's attorney employed the psychiatrist for assistance in the preparation of Roton's defense. She told Roton anything he said to the psychiatrist would remain confidential. The psychiatrist was, in effect, the attorney's agent for that transmission to the attorney of confidential facts.

Appellant merely sought to impeach Roton's credibility by presenting testimony that Roton was a homosexual. The record does not disclose whether the psychiatrist could have

testified as to Roton's sexual preference. Were Roton's sexual preference material to the case, surely appellant could have produced other witnesses to testify on that matter.

Balancing the above two factors, we find the attorney-client privilege extends to Roton's communications to the psychiatrist employed by his attorney to aid in preparation of his defense.

Appellant contends Roton waived any privilege he might have by testifying on behalf of the State pursuant to a plea negotiation. We disagree.

Although a client may waive his attorney-client privilege, the waiver must be distinct and unequivocal. *State v. James*, 34 S. C. 49, 12 S. E. 657 (1891). Merely taking the witness stand does not constitute waiver of the privilege. *Id.*

Finding the testimony sought by appellant is protected by the attorney-client privilege, we need not address the issue of whether the testimony sought concerned a collateral or material issue.

Accordingly, we affirm.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.