22224

The STATE, Respondent, v. Cecil Doyle LUCAS, Appellant.

(328 S. E. (2d) 63)

Supreme Court

*David I. Bruck,* Columbia; *Jim Fewster,* Rock Hill; *Thomas A. Givens,* Rock Hill, and *South Carolina Office Of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Susan A. Lake, Staff Atty.,* Columbia; and *William L. Ferguson, Sol., Sixteenth Judicial Circuit, for respondent.*

Heard Dec. 10, 1984.

Decided Jan. 29, 1985.

NESS, Justice:

Appellant Cecil Doyle Lucas was found guilty of two murders while committing burglary, armed robbery and grand larceny and was sentenced to death. We affirm the convictions and the death sentence.

Appellant was released from prison two days before he committed these crimes. On the day of the crime he showed the murder weapon to his neighbors. That night he broke and entered the home of Mr. and Mrs. Bill Rayfield in Rock Hill, South Carolina. Mr. Rayfield apparently became aware of the intruder and armed himself with a .22 caliber gun on which he had carved his initials. Appellant shot and killed the couple, plundered their home, then fled stealing a pillowcase of goods and the Rayfields' new grey Chrysler. He parked the Chrysler in his driveway overnight.

The following morning he took the pillowcase of stolen goods to his neighbor's house and displayed them. Included was a camera bearing Evelyn Rayfield's name and various pieces of her costume jewelry. The pillowcase matched the one left on Mrs. Rayfield's bed.

He admitted his guilt to his wife and told three people he needed to get out of town.

When arrested, appellant was wearing Mr. Rayfield's watch and was armed with Rayfield's initialed .22 caliber gun.

He did not testify or put up any defense witnesses, but during the penalty phase, he apologized for what he had done.

The jury found appellant guilty as charged. After hearing evidence in aggravation and mitigation of the death penalty as well as appellant's plea for mercy, the jury recommended the sentence of death.

Appellant first alleges the trial court improperly prohibited *voir dire* questions concerning prospective jurors' specific recollection of pretrial publicity and their possible association with the solicitor's office. We disagree.

The authority and responsibility of the trial court is to focus the scope of the *voir dire* examination set forth in S. C. Code § 14-7-1020. *State v. Plath*, 281 S. C. 1, 313 S. E. (2d) 619 (1984); *State v. Koon*, 278 S. C. 528, 298 S. E. (2d) 769 (1982). "The manner in which these questions are pursued and the scope of any *voir dire* beyond their bounds are matters of trial court discretion." *State v. Smart*, 278 S. C. 515, 522, 299 S. E. (2d) 686, 690 (1982).

Specific recollection of press coverage and possible personal association with the solicitor's office are outside the scope of *voir dire* under the statute. We hold the trial judge properly excluded these questions in his discussion.

Appellant next contends the trial court erred in refusing to charge prospective jurors they were not to infer appellant's guilt from the fact the court and attorneys were questioning jurors about possible punishment of appellant prior to the trial. We disagree.

The trial judge carefully instructed the jurors during *voir dire* that appellant was presumed innocent unless the State proved his guilt beyond a reasonable doubt; only then would the trial go into the second phase of sentencing which required questions concerning their view of the death penalty. We hold the requested charge was implicit in the *voir dire* examination.

Appellant argues the trial court erroneously charged the law on implied malice.

We agree the trial judge's first charge, that malice could be rebuttably presumed from the use of a deadly weapon or the doing of an unlawful act, was incorrect. *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983). However, upon request he correctly instructed the jury on malice as an inference rather than a presumption which is simply another evidentiary fact to be considered.

We hold the redefinition of malice cured the error in his first charge. *Also see State v. Gaskins*, 326 S. E. (2d) 132 (S. C. 1985); *State v. Bolin*, 678 S. W. (2d) 40 (Tenn. 1984).

Appellant maintains the trial judge erred by not instructing the jury that appellant's failure to testify did not create an inference of guilt. We disagree.

Although this charge was not requested at trial or made the subject of an exception on appeal, we address the issue under the doctrine of *in favorem vitae*.

The trial court instructed the jury: "the defense has elected not to present any evidence whatsoever. I charge you as a matter of law that the defendant does not have to testify — [h]e has pled not guilty. He says he did not do it. Therefore it is incumbent upon the State to prove to you beyond a reasonable doubt the defendant is guilty. So he does not have to present any evidence."

We hold this instruction adequately covered the substance of the charge appellant would have requested. We further hold even if the charge given was inadequate, in light of the

overwhelming evidence of appellant's guilt, the error was harmless beyond a reasonable doubt. *State v. Gaskins, supra.*

Lucas next asserts the trial court improperly disallowed into evidence the mitigating circumstance of his commitment to the State Hospital in 1978. We disagree.

The fact appellant had mental problems five years prior in no way mitigates his guilt in this case. He was examined and found competent to stand trial, and tested for insanity and found sane.

Appellant alleges the trial judge also erred in refusing mitigating testimony of appellant's half brother concerning parental violence witnessed by appellant during his childhood. Since his mother testified on the subject, the half-brother's testimony was cumulative and the trial judge in his discretion could exclude it. *State v. Price,* 278 S. C. 266, 294 S. E. (2d) 426 (1982).

Appellant next contends the trial judge erred in failing to charge the jury could consider non-statutory mitigating circumstances. We disagree.

The judge instructed the jury: "in arriving at your recommendation you may consider any mitigating circumstances otherwise authorized or allowed by law." We approved the identical charge in *State v. Copeland,* 278 S. C. 572, 300 S. E. (2d) 63 (1982); S. C. Code Ann. § 16-3-20(c). The exception is without merit.

Appellant maintains the trial court erred in instructing the jury it was not to be governed by sympathy in its decision. We addressed this issue in *State v. Chaffee and Ferrell,* _____ S. E. (2d) _____ Op. No. 22182, filed 11/13/84 and found no error.

Appellant finally argues the trial judge improperly refused to instruct the jury not to speculate whether the death penalty would have a deterrent effect. We disagree. *State v. Patterson, Jr.,* 327 S. E. (2d) 650.

Upon examination of similar cases where we have approved imposition of the death penalty, we conclude appellant's sentence must be affirmed. *State v. Plath, supra.*

We have searched the record *in favorem vitae* and find no prejudicial error. The convictions and sentence of the appellant Cecil Doyle Lucas is affirmed.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.