22357

The STATE, Respondent, v. Andrew Lavern SMITH, Appellant.

(334 S. E. (2d) 277)

Supreme Court

N

*David I. Bruck* and *S. C. Office of Appellate Defense,* Columbia, *Charles W. Whiten* and *Robert P. Lusk,* Anderson, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Norman Mark Rapoport,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard June 5, 1985.

Decided Aug. 6, 1985.

Ness, Justice:

Andrew Lavern Smith was convicted of murdering an elderly couple for which he received the death sentence. Our review consolidates the errors specifically raised by appellant and the mandatory review required in all death penalty cases. We affirm the conviction and death sentence.

Appellant entered the home of Christy and Corrie Johnson, both in their eighties, and asked to borrow a car. When Mr. Johnson refused, Smith stabbed him twenty-seven times. He then stabbed Mrs. Johnson seventeen times when she came to help her husband.

Appellant ransacked the Johnson's home, stealing an automobile which he later stripped and abandoned. It was Smith's disposal of the stolen automobile parts that led to his arrest.

He admitted stealing the car, after first denying any knowledge of the stolen car parts. The next day he confessed to the murders.

Smith pled insanity and elected not to take the stand. The jury found him guilty and recommended death.

Appellant first alleges the trial court erred in failing to give a curative instruction to juror Root. We disagree.

During *voir dire* questioning by appellant's counsel, Mr. Root elaborated on his feelings about the death penalty by stating:

> I guess I'm for capital punishment if society feels that capital punishment is in order. Yes, I could sign my name along with eleven other jurors finding a person guilty and sentenced to death knowing that in our penal system we're going to have other trials, and so forth, what's the word I'm looking for? It's mandatory in a death trial that it be tried again. I couldn't throw the switch personally; one man, one person.

Appellant did not object to this juror being qualified nor did he request a curative instruction. Further, appellant's counsel chose to seat Mr. Root rather than use a peremptory strike available to him.

We held in *State v. Smart*, 278 S. C. 515, 299 S. E. (2d) 686 (1982), cert. den., 460 U. S. 1088, 103 S. Ct. 1784, 76 L. Ed. (2d) 353 (1983), where appellant fails to use all his peremptory

challenges, it can be concluded the jury panel was seated with his approval.

If it was error not to give a curative instruction to ■ juror Root during the *voir dire*, we hold it was harmless in light of the judge's sentencing phase charge concerning the jury's responsibility to recommend a sentence and the finality of their recommendation.[1]

Smith next contends the trial judge erred in admit- ■ ting his signed waiver of rights form because he had not been given a copy as required by §§ 8-15-50, 19-1-80 and 19-1-90. Appellant's contention is misplaced.

The waiver of rights form is not a written statement under the statutes. The statement appellant gave after sign- ing the form was oral and never reduced to writing. An oral statement does not invoke the copy requirement. *State v. Scott*, 269 S. C. 438, 237 S. E. (2d) 886 (1977). This exception is without merit.

Appellant next maintains the State violated his at- ■ torney-client privilege by calling his psychologist, Dr. Cole, to rebut expert testimony concerning insanity. We disagree.

This contention rests on the doctor's explanation that his opinion was based on his analysis of test results, appellant's State Hospital records, as well as seeing him "obviously, a number of times during jury selection."

In order to invoke protection of the attorney-client priv- ilege, appellant must establish his relationship with Dr. Cole was that of attorney and client, as well as that the commu- nication was confidential in nature. *State v. Love*, 275 S. C. 55, 271 S. E. (2d) 110 (1980). Appellant has failed in both regards.

Dr. Cole was employed solely to aid in the defense's jury selection. The record is void of any evidence he was hired to help establish the insanity defense which could bring him

---

[1] Following oral arguments, appellant submitted a supplemental memo- randum in which he argued that the recent United Stated Supreme Court decision of *Caldwell v. Mississippi*, _____ U. S. _____, 105 S. Ct. 2633, 86 L. Ed. (2d) 231 (1985), was relevant to the issue concerning the juror Mr. Root. We have fully considered appellant's argument and find it to be without merit. The comments made by Mr. Root during jury selection are ambiguous and, in our opinion, do not indicate a lessened sense of responsi- bility as urged by appellant.

within the holding of *State v. Hitopoulus*, 279 S. C. 549, 309 S. E. (2d) 747 (1983).

Secondly, appellant has failed to establish a confidential communication since any observation of him by Dr. Cole during jury selection was shared by everyone in the open courtroom.

■ Lastly appellant argues the trial court erred by giving inadequate instructions on mental illness as a mitigating circumstance. We diagree.

The trial judge properly charged the jury to consider the mitigating circumstances alleged by appellant, and only the enumerated aggravating circumstances which the State proved beyond a reasonable doubt. We approved the judge's sympathy instruction in *State v. Lucas*, _____ S. C. _____, 328 S. E. (2d) 63 (1985). Considering the charge in its entirety, *State v. Livingston*, 282 S. C. 1, 317 S. E. (2d) 129 (1984), we find no error.

We have examined other death penalty cases in South Carolina on the question of proportionality as required by § 16-3-25. We conclude the jury's recommendation of death was justified.

After careful consideration of all issues raised by counsel as well as our review of the record in favor of life, we find no reversible error. The conviction and death penalty sentence of Andrew Lavern Smith are affirmed.

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.