**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mare Baracco, Appellant/Respondent,

v.

County of Beaufort, Respondent/Appellant.

Appellate Case No. 2021-000321

---

Appeal From Beaufort County
Erin D. Dean, Special Referee

---

Unpublished Opinion No. 2024-UP-018
Heard November 9, 2023 – Filed January 10, 2024

---

**AFFIRMED IN PART AND REVERSED IN PART**

---

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, P.A., of North Charleston, for Appellant/Respondent.

Eugene Richardson LaBruce, of Finger, Melnick, Brooks & LaBruce, P.A., of Hilton Head Island, for Respondent/Appellant.

---

**PER CURIAM:** In this appeal and cross-appeal arising out of the South Carolina Freedom of Information Act (FOIA),[1] Mare Baracco appeals the special referee's failure to require disclosure of certain email communications pertaining to public business (the documents) between Beaufort County (the County) council members' private email accounts and the special referee's acceptance of the County's fee estimations for procurement and redaction of the documents. Baracco also appeals the special referee's failure to require the County to pay her attorney's fees. The County cross-appeals arguing the special referee erred in suggesting the County's inclusion of its legal department's document review fee estimations violated FOIA and in holding the County waived attorney-client privilege by including realtor, Debra Regegz, on certain correspondence with the County's attorney, Thomas J. Keaveny II. Pursuant to Rule 220(b) SCACR, and the following authorities, as to Baracco's appeal, we affirm. As to the County's cross-appeal, we affirm in part and reverse in part.

1.The special referee did not err in failing to require the County to turn over the documents. The special referee correctly determined the County properly redacted the documents produced to Baracco. The County's public use of private email accounts is neither a violation of FOIA nor does it eliminate the attorney-client privilege. Although the consummation of a real estate transaction requires disclosure of documents related to the sale of the property under section 30-4-40(a)(5)(b) of the South Carolina Code, this requirement does not extend to disclosure of documents otherwise protected by attorney-client privilege. Moreover, because Baracco paid no deposit for the disputed requests, there was no justiciable controversy as to the County's fee estimations. We affirm. S.C. Code. Ann. § 30-4-30(A)(1) (allowing "[a] person . . . to inspect, copy, or receive an electronic transmission of any public record[2] of a public body"); S.C. Code Ann. § 30-4-70(c) ("No chance meeting, social meeting, or electronic communication may be used in circumvention of the spirit of requirements of [FOIA] to act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power."); *City of Columbia v. ACLU of S.C., Inc.*, 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996) ("The determination of whether documents or portions thereof are exempt from . . . FOIA must be made on a case-by-case basis."); *Evening Post Publ'g Co. v. City of North Charleston*, 363 S.C. 452, 457, 611

[1] S.C. Code Ann. § 30-4-10 to -165 (2007 & Supp. 2023).
[2] Section 30-4-20(c) defines public record as any "books, papers, maps, photographs, cards, tapes, recordings, or other documentary materials regardless of physical form or characteristics prepared, owned, used, in the possession of, or retained by a public body."

S.E.2d 496, 499 (2005) ("[T]he government has the burden of proving that an exemption applies."); *Fowler v. Beasley*, 322 S.C. 463, 468, 472 S.E.2d 630, 633 (1996) ("FOIA was designed to guarantee the public reasonable access to certain activities of the government."); *State v. Doster*, 276 S.C. 647, 651, 284 S.E.2d 218, 219-20 (1981) (determining the attorney-client privilege will attach "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived" (quoting 8 Wigmore, *Evidence* § 2292 (McNaughton rev. 1961))); *id.* at 651, 284 S.E.2d at 220 ("Not every communication within the attorney and client relationship is privileged. The public policy protecting confidential communications must be balanced against the public interest in the proper administration of justice. This is exemplified by the widely recognized rule that the privilege does not extend to communications in furtherance of criminal, tortious [,] or fraudulent conduct." (citations omitted)); *Tobaccoville USA*, *Inc. v. McMaster*, 387 S.C. 287, 292, 692 S.E.2d 526, 529 (2010) ("[W]hether or not a communication [between attorney and client] is privileged and confidential is a matter for the trial judge to decide after a preliminary inquiry into all the facts and circumstances. The trial judge's decision will not be overturned absent an abuse of discretion."(citation omitted)); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract."); *Wallace v. City of York*, 276 S.C. 693, 694, 281 S.E.2d 487, 488 (1981) ("The function of appellate courts is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation. Accordingly, cases or issues which have become moot or academic in nature are not a proper subject of review.").

2.Because the special referee acted within her discretion in declining to award attorney's fees to Baracco, we affirm. *Keeney's Metal Roofing, Inc. v. Palmieri*, 345 S.C. 550, 553, 548 S.E.2d 900, 902 (Ct. App. 2001) ("As a general rule, attorney's fees are not recoverable unless authorized by contract or statute."); S.C. Code Ann. § 30-4-100(B) ("If a person or entity seeking relief under this section prevails, he may be awarded reasonable attorney's fees and other costs of litigation specific to the request. If the person or entity prevails in part, the court may *in its discretion* award reasonable attorney's fees or an appropriate portion of those attorney's fees." (emphasis added)); *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009) ("The decision to award or deny

attorney's fees under a state statute will not be disturbed on appeal absent an abuse of discretion."); *Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 555, 658 S.E.2d 80, 85-86 (2008) ("An abuse of discretion occurs when the trial court's decision is based upon an error of law or upon factual findings that are without evidentiary support.").

3.The special referee erred in suggesting the County's inclusion of its legal department's document review fee estimations violated FOIA.  In the context of attorney-client privilege, redaction and determining whether documents are subject to disclosure are separate and distinct processes.  FOIA exempts all privileged correspondence of legal counsel.  Here, Keaveny was best suited for the identification of privileged information in his correspondence with county council members.  We reverse.  S.C. Code Ann. § 30-4-30(B) ("Fees may not be charged for examination and review to determine if the documents are subject to disclosure."); *id*. ("The public body may establish and collect reasonable fees not to exceed the actual cost of the search, retrieval, and *redaction* of records." (emphasis added)); S.C. Code Ann. § 30-4-30(A)(1) ("A person has a right to inspect, copy, or receive an electronic transmission of any public record of a public body, except as otherwise provided by [s]ection 30-4-40, or other state and federal laws, in accordance with reasonable rules concerning time and place of access.").

4.The special referee did not err in requiring disclosure of communications between the County and Keaveny that included Regegz.  FOIA does not exempt a public body from the rules governing waiver of attorney-client privilege by third-party disclosure.  The County waived attorney-client privilege for any communications between the County and Keaveny that included Regegz, a third-party nonagent.  We affirm.  S.C. Code Ann. § 30-4-40(a)(7) (stating a public body may exempt from disclosure "[c]orrespondence or work products of legal counsel for a public body and any other material that would violate attorney-client relationships"); *Doster*, 276 S.C. at 651, 284 S.E.2d at 220 ("Not every communication within the attorney and client relationship is privileged.  The public policy protecting confidential communications must be balanced against the public interest in the proper administration of justice."); *Marshall v. Marshall*, 282 S.C. 534, 538, 320 S.E.2d 44, 46-47 (Ct. App. 1984) ("Any voluntary disclosure by a client to a third party waives the attorney-client privilege not only as to the specific communication disclosed but also to all communications between the same attorney and the same client on the same subject."); *State v. Hitopoulus*, 279 S.C. 549, 550, 309 S.E.2d 747, 748 (1983) (finding attorney-client privilege may extend to a third party acting as an attorney's agent but "the need of the attorney for the assistance of the non-lawyer to effectively represent his client" must be

balanced against "the increased potential for inaccuracy in the search for truth as the trier of fact is deprived of valuable witnesses"); S.C. Code Ann. § 40-57-370(E) (Supp. 2023) ("For all real estate transactions, no agency relationship between a buyer, seller, landlord, or tenant and a real estate brokerage firm and its associated licensees exists unless the buyer, seller, landlord, or tenant and the brokerage company and its associated licensees agree, in writing, to the agency relationship. No type of agency relationship may be assumed by a buyer, seller, landlord, tenant, or licensee or created orally or by implication. A real estate brokerage firm may not be considered to have an agency relationship with a party or have agency obligations to a party but is responsible only for exercising reasonable care in the discharge of the real estate brokerage firm's specified duties, as provided in this chapter, and, in the case of a client, as specified in the agency agreement.").

**AFFIRMED IN PART AND REVERSED IN PART.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**