## STATE v. PUTMAN.

1. An indictment against A., B. and C, for murder, charged A. with shooting the deceased, and B. and C. with being present, aiding and abetting, and the jury found all three guilty of manslaughter. *Held*, that B. and C. were charged as principals and not as accessories before the fact, and that there was no ground for arresting the judgment.
2. Persons may be present, aiding and abetting in the commission of manslaughter, and so be guilty themselves of this crime.

---

Before ALDRICH, J., Anderson, March, 1882.

The indictment, verdict, sentence, and notice and grounds of appeal, constitute the brief in this case. They are sufficiently stated in the opinion.

*Mr. W. C. Benet,* for appellant, cited 1 *Arch. Cr. P. & P.* 806, 61, 62, 65; *Whart. Hom.* 35, 157; 2 *Bail.* 75; 1 *Hale P. C.* 437–9; 40 *Eng. L. & Eq. Rep.* 357; 3 *Gilman* 381; 47 *Ill.* 323; 10 *Ohio St.* 460; 2 *Bish. Cr. Proc.* §§ 3, 4; 33 *Gratt.* 834; 2 *Green Crim. Rep.* 289.

*Mr. Solicitor Orr,* contra, cited 2 *Brev.* 338; 4 *Strob.* 138, *and note;* 2 *Bail.* 31, 69; 4 *Rich.* 362; *Hawk. P. C.,* ch. 25, § 64; 1 *East P. C.* 351.

October 21st, 1882. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an indictment for murder, in which Isaac Putman was charged with shooting Giles Guess, and the other defendants, Lilly Putman and Silas Put-

man, were present aiding and abetting therein. The indictment then concludes, "and the jurors aforesaid, upon their oaths aforesaid, do say, that the said Isaac Putman, the said Silas Putman and the said Lilly Putman, him, the said Giles Guess, in manner and form, and by the means aforesaid, feloniously, willfully and of their malice aforethought, did kill and murder," &c. The jury found a verdict "guilty of manslaughter, Silas Putman and Lilly Putman recommended to the mercy of the court."

The defendants, Silas Putman and Lilly Putman, moved in arrest of judgment and to set aside the verdict as to them, and failing, then for a new trial upon the following ground: "Because the jury having found a verdict of manslaughter as to Isaac Putman, who did the shooting, sudden heat and passion, the elements of manslaughter, could not be attributed to Lilly and Silas. Therefore the jury erred in finding them guilty in the same degree as Isaac." The judge refused all the motions, and Silas and Lilly appealed to this court upon the ground that his Honor erred in not arresting the judgment.

This was an indictment for murder against three persons, alleging that one of them did the act, and that the other two were present aiding and abetting therein. It did not charge one as principal and the others as accessories before the fact, but all as principals; as it is sometimes expressed, one in the *first* and the others in the *second degree*. There can be no doubt that with reference to the crime of murder the indictment was correctly framed and in exact accordance with established forms. *State* v. *Rabon,* 4 *Rich.* 264.

In that case three persons were indicted for murder. The indictment alleged that the fatal wound was given by Abram Rabon, the younger, and that Abram Rabon, the elder, and Duke Rabon were present aiding and abetting in the felony. All the defendants were found guilty, and in delivering the judgment of the appeal court, Judge Evans said: "The defendants might have been charged as principals in the first degree. In *Arch. C. P.* 396, it is said that the pleader may charge the principal in the second degree as a principal in the first degree (for proof that he was present aiding and abetting will, in such case, maintain an indictment charging him with having actually committed the

offense), or, at his option, as being present aiding and abetting. The better mode, however, is to describe the part which each had in the crime, according to the proof of the facts as is the universal practice, and as has been done in this case. When this mode of pleading is adopted the indictment consists of three parts: 1. That Abram Rabon, the younger, feloniously, willfully and of his malice aforethought, gave the mortal wound. 2. That the other persons were feloniously present aiding and abetting and assisting in the commission of the murder; and 3. The conclusion which the law draws from the parts stated, that all of them are guilty of the murder." The indictment in this case was drawn in accordance with the form here recommended, and if the defendants had all been found guilty of murder, there could have been no question about the sufficiency of the indictment to support the finding.

But conceding that the indictment is according to the most approved form in reference to the crime of murder charged, it is suggested that, the jury having found that no murder was committed—only manslaughter—the condition of things is entirely changed, and the indictment must be read as if it charged only the crime of manslaughter, and that with reference to that crime, which is in its nature sudden and unpremeditated, there cannot be a principal in the second degree, and therefore the allegation in the indictment as to the parties aiding and abetting, should be ignored or stricken out as inappropriate, and the judgment arrested as to Silas and Lilly. This is plausible, but it seems to rest on the view that the charge of being present, aiding and abetting, is equivalent to that of being accessory *before the fact.*

It is conceded that there can be no accessories before the fact *in manslaughter,* but the authorities do not sustain the view that being present, aiding and abetting, is identical with an accessory before the fact, which consists in counseling, advising or procuring the act to be done, and may be a great while before. The charge of being present, aiding and abetting, is but one of the forms of charging the parties as principals. " The distinction of principal in the first and second degree was a mere distinction in fact, and is no longer recognized." *State* v. *Fley and Rochelle,*

M

2 *Brev.* 338 ; *State* v. *Posey,* 4 *Strob.* 138, and in a note, *State* v. *Green.* In the case of *Fley and Rochelle,* Judge Brevard said : "All persons present, aiding and abetting a murder, are regarded as principals, and equally guilty. The actual perpetrator is regarded as the agent or instrument by which the crime is perpetrated, not as the chief criminal or more guilty than his associates. It sometimes happens that he is comparatively less guilty than those who stimulate or persuade him to be their instrument. The distinction between principals in the first and second degree has been long since exploded ; it is now considered a distinction without a difference."

Upon an indictment for murder the jury may find a verdict for *manslaughter.* Indeed, this is so well established that an indictment for manslaughter, as such, is rarely, if ever, given out. This being the universal practice, it would seem strange, if the view suggested is sound, that the question made here has never arisen before. The court has not been referred to any case upon the point, and in the short search which the press of business has enabled us to make we have not been able to find one. If a verdict for manslaughter can be rendered upon an indictment for murder against the perpetrator of the deed, why may not the same verdict be rendered against those who are charged as principals in aiding and abetting the crime. This must be allowable, unless the character of the crime of manslaughter is such as necessarily to exclude the possibility of participation or co-operation on the part of others present at the act.

It is true that the characteristic element of the crime of manslaughter is that, although a homicide, it is committed in sudden heat and passion and without malice aforethought. It is defined to be "the unlawful killing of a human being upon sudden heat and passion arising from reasonable provocation." But, as we understand it, this does not necessarily limit the offense to the persons who actually did the deed when several were present and engaged in a common quarrel. The provocation given may extend to others as well as to the principal actor. Although the crime is said to be "sudden and unpremeditated," it need not be on the instant the provocation is received. In its regard for the weakness of human nature the law allows a certain time—rea-

sonable time—for the transport of passion to continue before "cooling," and during that time it does not seem to us impossible for others present, affected by the same provocation and passion, to stimulate and incite the principal actor to the perpetration of the deed.

The particular facts of this case are not before us. None of the circumstances of the killing are in the brief. All we know is from the allegations of the indictment that Isaac was charged with doing the act, that Lilly and Silas aided and abetted therein, and that all were found guilty of manslaughter. The jury found that *Silas and Lilly co-operated with Isaac* in committing the homicide, and we cannot say that such finding was so impossible or unauthorized as to justify us in arresting the judgment as to them.

The judgment of this court is that the judgment of the Circuit Court be affirmed.