22349

The STATE, Respondent v. Donald Allen JONES, Appellant.

(340 S. E. (2d) 782)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

Heard June 4, 1985.

Decided July 2, 1985.

HARWELL, Justice:

The appellant Donald Allen Jones was convicted of murder, armed robbery, first degree criminal sexual conduct, housebreaking, grand larceny of a motor vehicle, and kidnapping and was sentenced to death. This case consolidates his direct appeal with mandatory review of the death sentence pursuant to S. C. Code Ann. § 16-3-25 (1976). We affirm.

Mr. and Mrs. Ned W. Plyler, Sr. operated a Sealtest dairy in Lancaster County. The appellant worked at the dairy while a teenager. The parties experienced little animosity other than minor disputes over the amount of the appellant's paycheck.

On Sunday, October 9, 1983, the appellant and a friend broke into a house belonging to the friend's grandfather and stole a .410 gauge shotgun and shotgun shells. The appellant told the friend that he needed help robbing someone and that he would give him $25,000 for his aid. He said he

planned to tie the victim and have him write a check payable to the appellant.

On Tuesday, October 11, 1983, the appellant went to the Plylers' country home before they arrived and smashed the glass in a bedroom window. He found a pistol inside and began shooting the wall in the hallway. He also shot the Plylers' three dogs, and stole six or seven silver dollars and some change. He then lay in wait for the Plylers in the garage.

Geraldine Plyler testified that she and her husband reached their home at about 5:30 p.m. Mr. Plyler carried three $100 bills and two checks in his shirt pocket. As he approached the door of his home, the appellant appeared suddenly with a shotgun. He demanded money and shot Mr. Plyler at close range near the heart. The victim fell forward on his face in front of his wife. The appellant produced a pistol, demanded $79,000, and directed Mrs. Plyler to remove the money from her husband's pocket. She was unable to do so, and the appellant retrieved the money. Mr. Plyler groaned, and the appellant shot him in the back of the head. Mrs. Plyler pleaded with the appellant not to shoot him again, but he shot him again in the head.

The appellant then took Mrs. Plyler into the house and told her he had always wanted her. He then raped her at gunpoint. He searched her purse for money and took her into various rooms of the house, tying her in each room to furniture. She finally begged him to kill her, but he refused saying he wanted her alive in the morning to write a check. The appellant tied, bound, and gagged her and left. However, he returned shortly to see whether she had attempted to escape. He then drove away in the Plyler truck. She freed herself and ran through the nearby pastures, trying to reach the home of a nephew. Before she reached there, the appellant returned and began driving down the road looking for her. At one point, he stopped the truck extremely near where she crouched behind a fence, but he drove on. She escaped to the nearby home at about 8:00 p.m. and reported the crimes.

Mrs. Plyler identified the appellant as the attacker. Her identification was corroborated by the fact the appellant had three $100 bills on his person upon his arrest at 10:30

4

p.m. Also, the appellant's palmprints were found inside the home.

The sole alleged error in the guilt phase of the trial[1] concerns the disqualification of prospective juror Essie Reid. We find no abuse of discretion by the trial judge. *See State v. Spann*, 279 S. C. 399, 308 S. E. (2d) 518 (1983). The evidence supports his conclusion that the juror's views on capital punishment would substantially impair the performance of her duties. *See Wainwright v. Witt*, 469 U. S. _____ , 105 S. Ct. 844, 83 L. Ed. (2d) 841 (1985).

The appellant asserts that the judge committed reversible error in the sentencing phase by allowing the jury to consider kidnapping and criminal sexual conduct as possible statutory aggravating circumstances; he asserts that they were relevant only as to his character. We disagree.

The trial judge charged the jury that they could consider the following aggravating circumstances:

the murder was committed while in the commission of the crime of armed robbery; (2), the murder was committed while in the commission of the act of larceny with the use of a deadly weapon; (3), the murder was committed while in the commission of the crime of housebreaking; (4), the murder was committed while in the commission of the crime of criminal sexual conduct in the first degree, constituting the crime of rape at common law; and (5), the murder was committed while in the commission of the crime of kidnapping.

The jury found all five of the statutory aggravating circumstances submitted to them. Thus, even if inclusion of kidnapping and criminal sexual conduct were error, the death penalty could rest on any one of the remaining three circumstances. *See State v. Plath and Arnold*, 281 S. C. 1, 313 S. E. (2d) 619 (1984), citing *Zant v. Stephens*, 462 U. S. 862, 103 S. Ct. 2733, 77 L. Ed. (2d) 235 (1983).

Moreover, the fact that the crimes of kidnapping and criminal sexual conduct were committed after the murder and upon a different victim does not invali-

---

[1] Other allegations of error were made in the Petition to Argue Against Precedent, which this Court denied.

date them as aggravating circumstances for Mr. Plyler's murder. The crimes were consummated in a continuous series of acts with the murder. They were committed in the same place and were not separated by any substantial lapse of time. *See State v. Damon,* 285 S. C. 125, 328 S. E. (2d) 628 (1985); *State v. Keith,* 283 S. C. 597, 325 S. E. (2d) 325 (1985). The crimes of kidnapping and rape were clearly committed "while in the commission of" the murder under Code § 16-3-20(C)(a)(1) (1976).

We have compared the facts in this case with those in that growing collection of violent and evil misdeeds which have been punished by a sentence of death. (*See* cases collected in *State v. Chaffee and Ferrell,* 285 S. C. 21, 328 S. E. (2d) 464, (1984).) The appellant murdered Mr. Plyler for the purpose of pecuniary gain and terrorized Mrs. Plyler by means of rape and forced confinement, while at his mercy and whim. The appellant admitted on the witness stand that he felt no remorse for his crimes. Imposition of the death penalty on this 22-year-old appellant is amply supported by this record.

We have combed the record for reversible error and find none.

The appellant's convictions and sentences are, accordingly,

Affirmed.

NESS, C. J., and GREGORY and CHANDLER, JJ., and JULIUS H. BAGGETT, Acting J., concur.