298 S.C. 118 (1989)
378 S.E.2d 594
The STATE, Respondent
v.
Donald Allen JONES, Appellant.
22978
Supreme Court of South Carolina.
Heard April 4, 1988.
Decided March 6, 1989.
*119 Asst. Appellate Defender Tara Shurling Frick, of S.C. Office of Appellate Defense, Columbia, for appellant.
Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Columbia, and Sol. John R. Justice, Chester, for respondent.
*120 Heard April 4, 1988.
Decided March 6, 1989.
CHANDLER, Justice:
Appellant Donald Allen Jones (Jones) was sentenced to death for the 1983 murder of Ned Plyler, Sr. (victim). This case consolidates his direct appeal with the sentence review mandated by S.C. Code Ann. § 16-3-25 (1985). We affirm.

FACTS
The facts and circumstances of the crime are fully set out in our prior opinion affirming Jones' convictions and death sentence. See State v. Jones, 288 S.C. 1, 340 S.E. (2d) 782 (1985).
After our affirmance, the United States Supreme Court vacated the judgment on authority of Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed. (2d) 1 (1986). Jones v. South Carolina, 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed. (2d) 353 (1986). Thereafter, we remanded for a new sentencing proceeding at which evidence of future adaptability to life in prison would be admitted.
From his resentencing to death Jones appeals, citing numerous trial court errors.

ISSUES
1. Did the trial judge err in failing or refusing to disquality two prospective jurors?
2. Did the trial judge erroneously exclude a photograph of the defendant's sister?
3. Did the solicitor's argument constitute reversible error?
4. Did the trial judge err in refusing to allow retroactive sentencing under the 30 year parole eligibility provision of the 1986 Omnibus Crime Bill?
5. Did the trial judge err in his charge to the jury?
6. Is the imposition of a death sentence on a mentally retarded defendant unconstitutional?

I. JUROR QUALIFICATION
Jones alleges that two prospective jurors were improperly qualified. We disagree.
*121 At voir dire juror Norman Funderburk disclosed that he knew the victim personally. Although no objection was made at trial, Jones now contends that this fact alone should have disqualified Funderburk.
The determination of a juror's competence is within the trial judge's sole discretion, and is not reviewable on appeal absent an abuse constituting an error of law. State v. Gaskins, 284 S.C. 105, 326 S.E. (2d) 132 (1985); State v. Spann, 279 S.C. 399, 308 S.E. (2d) 518 (1983). The mere fact that a person is a friend or acquaintance of the deceased does not render him incompetent as a juror. 50 C.J.S. Juries § 228, pp. 975-76 (1947).
tion that, at most, Funderburk's friendship with the deceased was casual. It is also clear that this friendship would not prevent him from giving the defendant a fair trial. See State v. Hardee, 279 S.C. 409, 308 S.E. (2d) 521 (1983). Under the circumstances, the trial judge's failure to sua sponte disqualify him did not constitute an abuse of discretion.
Next, Jones objected to the qualification of Algie Barrineau on the grounds that (1) he was familiar with and agreed with the original death sentence in the case and (2) he indicated he would always impose the death sentence upon the State's proof of an aggravating circumstance.
Although Mr. Barrineau stated that he had heard about the previous trial and had agreed with the death sentence imposed, he further stated that he could put aside any opinions and would make his decision based strictly upon the evidence at trial. The record supports the conclusion that the juror could "render a just verdict based on the evidence adduced at trial, without regard to any preconceived ideas." State v. Thomas, 268 S.C. 343, 234 S.E. (2d) 16 (1977).
Moreover, it is clear from the entire colloquy with Mr. Barrineau that he would not automatically impose the death penalty. Where aggravating circumstances were proved, he would still consider all the evidence in reaching a decision. He was qualified to serve.

*122 II. PHOTOGRAPH
Jones alleges error in the exclusion of a photograph of his sister, who died in 1979.
The admission of photographs is in the sound discretion of the trial judge. State v. Todd, 290 S.C. 212, 349 S.E. (2d) 339 (1986). The photograph excluded here was cumulative to other photographs showing the sister. We find no abuse of discretion.

III. SOLICITOR'S ARGUMENT
Although no objection was made, Jones contends that the solicitor's argument contained misstatements of the law relating to aggravating and mitigating circumstances. Even if the statements were incorrent, any error was rendered harmless when the trial judge correctly charged the law to the jury. State v. Patrick, 289 S.C. 301, 345 S.E. (2d) 481 (1986).
Jones also contends the solicitor improperly argued the deterrent effect of capital punishment. We have held such argument to be proper. State v. Yates, 280 S.C. 29, 310 S.E. (2d) 805 (1982). The cases relied upon by the dissent are distinguishable in that they merely prohibit the introduction of evidence on the propriety of the death penalty.

IV. RETROACTIVE APPLICATION OF 30 YEAR PAROLE ELIGIBILITY
Jones moved to be allowed to proceed under the 30 year parole eligibility provision of the Omnibus Criminal Justice Improvements Act of 1986, enacted after the crime was committed. His request that this be submitted as mitigating evidence to the jury was denied.
In State v. Matthews, 296 S.C. 379, 373 S.E. (2d) 587 (1988), we recently rejected the retroactive application of the stricter parole eligibility provision as mitigating evidence. Accordingly, no error was committed.

V. JURY CHARGE
Jones contends the trial judge erred in refusing to submit as a statutory mitigating circumstance that the murder was committed under the influence of *123 mental or emotional disturbance. S.C. Code Ann. § 16-3-20(C)(b)(2) (Supp. 1987). There was no evidence at trial that, at the time of the murder, Jones was under the influence of a mental or emotional disturbance. Therefore, the request for submission of this statutory mitigating circumstance was properly refused. See State v. Drayton, 293 S.C. 417, 361 S.E. (2d) 329 (1987).
Jones next argues that requested charges on parole eligibility and the meaning of the term "life imprisonment" were erroneously refused. He relies upon State v. Atkins, 293 S.C. 294, 360 S.E. (2d) 302 (1987). In Atkins we held that, prospectively, if requested by the defendant, such charges will be given. The instant case was tried prior to the publication of Atkins.
Jones further argues that the trial judge erred in failing to instruct that a life sentence could be given for any or no reason and in refusing a charge on nonstatutory mitigating circumstances. The trial judge charged, however, that the jury could consider any mitigating circumstances authorized by law and that it could impose a life sentence even if aggravating circumstances were found. We find the instruction adequate. State v. Lucas, 285 S.C. 37, 328 S.E. (2d) 63 (1985).
Finally, Jones contends the judge committed error in instructing the jury not to "allow yourselves to be governed by sympathy, prejudice, by passion or by public opinion." The charge was proper under California v. Brown, 479 U.S. 538, 107 S.Ct. 837, 93 L.Ed. (2d) 934 (1987) and State v. Owens, 293 S.C. 161, 359 S.E. (2d) 275 (1987).

VI. CONSTITUTIONALITY OF DEATH SENTENCE FOR MENTALLY RETARDED DEFENDANT
Jones contends that imposition of the death penalty upon a mentally retarded defendant violates cruel and unusual punishment clauses of the state and federal constitutions. We disagree.
While evidence presented at trial was in conflict on the factual issue of retardation, we assume, for purposes of our holding here, that Jones' retardation was established as a matter of law.
*124 The decisions of both federal and other state jurisdictions uniformly hold that imposition of the death sentence upon a mentally retarded defendant does not constitute cruel and unusual punishment.
In the very recent case of Brogdon v. Butler, 824 F. (2d) 338, 341 (5th Cir.), this precise question was considered and determined, dispositively, by the United States Fifth Circuit Court of Appeals, certiorari denied by the United States Supreme Court at 483 U.S. 1040, 108 S.Ct. 13, 97 L.Ed. (2d) 802 (1987):
Petitioner's second claim is that the execution of a mentally retarded person constitutes cruel and unusual punishment.... Petitioner cites no authority for his contention, and we can fine none. Mental retardation does not constitute insanity or incapacity to know the difference between right and wrong. It is only the latter disability, not the former, that serves as a defense to conviction and also to punishment.
Likewise, in South Carolina, prior to bifurcation of capital trials, mental retardation was not a defense to conviction for a capital crime. See State v. Bradford, 256 S.C. 51, 180 S.E. (2d) 632 (1971); State v. Byrd, 229 S.C. 593, 93 S.E. (2d) 900 (1956); State v. Fuller, 229 S.C. 439, 93 S.E. (2d) 463 (1956); State v. Chasteen, 228 S.C. 88, 88 S.E. (2d) 880 (1955); State v. Gardner, 219 S.C. 97, 64 S.E. (2d) 130 (1951). We hold that, in the sentencing phase of a bifurcated trial, it is also not a bar to imposition of the death penalty.
This Court's recent opinion in State v. Middleton, 295 S.C. 318, 368 S.E. (2d) 457 (1988) accords with our holding here. See also Penry v. Lynaugh, 832 F. (2d) 915 (5th Cir.1987), cert. granted, ___ U.S. ___, 108 S.Ct. 2896, 101 L.Ed. (2d) 930 (1988); Goodman v. State, 701 S.W. (2d) 850 (Tex. Crim. App. 1985).

VII. PROPORTIONALITY REVIEW
We have conducted the mandatory review provided in § 16-3-25 and conclude that the sentence is not arbitrary, excessive, or disproportionate and that the evidence supports the finding of aggravating circumstances.
The remaining exceptions, which were not argued in brief, *125 are disposed of pursuant to Supreme Court Rule 23. See State v. Woomer, 278 S.C. 468, 299 S.E. (2d) 317 (1982) (reasonable doubt); State v. Damon, 285 S.C. 125, 328 S.E. (2d) 628 (1985) (speculation on deterrence); State v. Copeland, 278 S.C. 572, 300 S.E. (2d) 63 (1982) (appropriateness of death penalty); State v. Adams, 277 S.C. 115, 283 S.E. (2d) 582 (1981) (effect of jury disagreement); State v. South, 285 S.C. 529, 331 S.E. (2d) 775 (1985) (constitutionality of death penalty statute).
Accordingly, the sentence of death is affirmed.
Affirmed.
GREGORY, C.J., and HARWELL and TOAL, JJ., concur.
FINNEY, J., dissenting in separate opinion.
FINNEY, Justice, (dissenting):
I respectfully dissent. It is my opinion that appellant's death sentence should be vacated and the case remanded for a new penalty phase proceeding on the following grounds.

I. JUROR QUALIFICATION
First, I am of the opinion that the trial court erred in seating Juror Algie Barrineau because (1) the juror had already formed and expressed his opinion supporting the imposition of the death penalty in appellant's first trial; (2) the juror recounted facts from appellant's first trial upon which his opinion was based; and (3) despite the statutory provision for life imprisonment in certain instances where circumstances of aggravation are present, Juror Barrineau equivocated on whether he would impose the death sentence where the state had proven an aggravating circumstance. The record reflects that the juror was unable to fairly and impartially consider the evidence and render a fair verdict, and thereby denied the appellant his fundamental right to a fair and impartial jury. Cf. State v. Hardee, 279 S.C. 409, 308 S.E. (2d) 521 (1983); State v. Gulledge, 277 S.C. 368, 287 S.E. (2d) 488 (1982). See also Haley v. Blue Ridge Transfer Co., Inc., 802 F. (2d) 1532 (4th Cir.1986).

*126 II. SOLICITOR'S ARGUMENT
Second, I hold the view that it was improper for the solicitor to argue the deterrent effect of capital punishment. Furthermore, prior decisions of this court have established principles which prohibit arguing such to a jury. See State v. Plath, 281 S.C. 1, 313 S.E. (2d) 619 (1984); State v. Woomer, 278 S.C. 468, 299 S.E. (2d) 317 (1982); and State v. Gilbert, 277 S.C. 53, 283 S.E. (2d) 179 (1981). "The propriety of the death sentence as a form of punishment is a matter addressed to the discretion of the legislature... [which] has determined that capital punishment is an appropriate mode of punishment..." State v. Gilbert, 283 S.E. (2d) at 181. See also State v. Patterson, 285 S.C. 5, 12, 327 S.E. (2d) 650, 654 (1984). I believe the solicitor's argument violated the mandates of this court.

III. JURY CHARGE
Finally, I would hold that it was error for the trial judge to refuse to charge the mitigating circumstance that the murder was committed while the defendant was under the influence of a mental or emotional disturbance; being of the opinion that there existed ample evidence to support such a charge. See S.C. Code Ann. § 16-3-20(C)(b)(2) (Supp. 1987). See also State v. Drayton, 293 S.C. 417, 430, 361 S.E. (2d) 329, 336 (1987) (Finney, A.J., dissenting).
Accordingly, I would vacate appellant's sentence of death and remand the case for a new penalty phase proceeding.