## 24289

The STATE, Respondent v. Joseph Paul HUDGINS, Appellant.

(460 S.E. (2d) 388)

Supreme Court

234

*John H. Blume, Leslie Ross Hall,* and *David P. Voisin, S.C. Death Penalty Resource Center,* of Columbia; and *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Deputy Atty. Gen. Salley Elliott,* Columbia; and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Apr. 4, 1995.

Decided July 24, 1995; Reh. Den. Aug. 25, 1995.

MOORE, Justice:

Appellant was convicted of murder and larceny and sentenced to death in July 1993. We affirm.

## FACTS

Appellant and Terry Cheek were driving a stolen truck when they were stopped by Officer Chris Taylor. Officer Taylor stopped them because a hose was dragging 250 feet from the truck. He did not know the truck was stolen. After showing appellant and Cheek the hose, Officer Taylor suggested they continue their conversation in his patrol car to get out of the rain. While walking toward the patrol car, Officer Taylor was shot once in the head. Appellant and Cheek ran into the woods to appellant's house which was several miles away. Appellant hid the gun in a rain gutter at his house and Cheek went home.

Several days later appellant and Cheek were arrested. Both made statements implicating appellant as the triggerman. Cheek pled guilty to accessory after the fact and testified for the State. At trial, appellant contended he confessed to the murder only because he was younger than Cheek and thought the system would be more lenient on him. Cheek was eighteen at the time of the murder and appellant was seventeen.[1] Appellant was convicted of murder and larceny. The jury found two aggravating circumstances: murder of a law enforcement officer and murder committed while in the commission of larceny with a deadly weapon.

## DISCUSSION

1) Pretrial hearing

Appellant contends his due process rights were violated because he was not present at the pretrial hearing during which the trial judge decided to bring in a jury from another county because of pretrial publicity. Appellant did not object to his absence from the pretrial hearing.

---

[1] Appellant was only several months younger than Cheek.

Therefore, this issue is not preserved. *State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991) (must make a contemporaneous objection to preserve error).

2) Juror Qualification

■ Appellant contends the trial judge erred in qualifying several jurors. Since appellant failed to exhaust all of his peremptory challenges, we need not consider this issue. *State v. Green,* 301 S.C. 347, 392 S.E. (2d) 157 (1990).

3) Solicitor Misconduct

■ Appellant contends the solicitor committed misconduct when he threw a piece of evidence, a ski mask, at appellant during cross-examination in the guilt phase of the trial. Although appellant objected to the solicitor's behavior, the trial judge did not rule on the objection and appellant did not object further or request curative instructions. Therefore, this issue is not preserved for review. *State v. Pierce,* 263 S.C. 23, 207 S.E. (2d) 414 (1974) (must timely object and ask for a ruling to preserve error).

4) Psychiatric Records

■ Appellant contends the State's references and questions regarding appellant's psychiatric exam and his answers to a psychological personality test violated appellant's rights. Appellant did not object to this line of questioning. Therefore, this issue is hot preserved for review. *Torrence, supra.*

5) Waiver of Appellant's Right to Closing Argument

■ Appellant contends the trial judge erred in not obtaining a waiver on the record of his right to closing argument. Appellant did not object and therefore this issue is not preserved. *Torrence, supra; cf. State v. Charping,* 313 S.C. 147, 437 S.E. (2d) 88 (1993) (*under in favorem vitae review,* the omission of an on the record waiver of the right to closing argument mandates reversal).

6) Jury Instructions on Accessory After the Fact and Mere Presence

■ Appellant contends the trial judge erred in denying his request for a jury instruction on accessory after the fact and, in the alternative, mere presence. We dis-

agree. Since appellant admitted to being present when the murder occurred, he was not entitled to an instruction on accessory after the fact. *State v. Plath*, 277 S.C. 126, 284 S.E. (2d) 221 (1981).

Further, appellant admitted stealing the truck and being involved in a series of unlawful acts which culminated in the murder. Therefore, appellant was not entitled to an instruction on mere presence. *State v. Grandy*, 306 S.C. 224, 411 S.E. (2d) 207 (1991) (defendant not entitled to charge when evidence does not warrant it).

7) Victim Impact Evidence

Appellant contends the victim impact evidence placed too great an emphasis on the law enforcement aspect of the case, so as to violate appellant's due process rights. Appellant did not make a contemporaneous objection to this testimony. He contends, however, he objected to this evidence when he made a pretrial motion to prohibit the introduction of pictures of the victim and crime scene and he moved at the end of the trial to renew all previous motions. We disagree. Appellant's pretrial motion to prohibit the introduction of photographs was made on the general ground that the prejudicial impact outweighed the probative value and not on the ground raised on appeal. This issue is not preserved. *State v. Crowley*, 226 S.C. 472, 85 S.E. (2d) 714 (1955) (objection must be on specific ground); *State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989) (a party cannot argue one ground below and then argue another ground on appeal).

8) Waiver of Appellant's Right to Testify at Sentencing Phase

Appellant contends the trial judge erred in failing to obtain a waiver on the record of his right to testify at the sentencing phase. Appellant did not object and therefore this issue is not preserved. *Torrence, supra.* Appellant's proper remedy is postconviction relief. *State v. Rocheville*, 310 S.C. 20, 425 S.E. (2d) 32 (1993).

9) Commission of Larceny as Aggravating Circumstance

Appellant contends submission of the aggravating circumstance of murder while in the commission of larceny was error. We disagree. Under *State v. Jones*, 288

S.C. 1, 340 S.E. (2d) 782 (1985), *vacated on other grounds*, 476 U.S. 1102, 106 S.Ct. 1943, 90 L.Ed. (2d) 353 (1986), crimes committed in a continuous series of acts are properly submitted as statutory aggravating circumstances. Here, the murder was committed in a continuous series of acts beginning with the stealing of the truck. Therefore, this issue is without merit.

10) Jury Instruction on Unanimous Finding of Any Mitigating Circumstance

Appellant contends the trial judge's instruction required the jury find any mitigating circumstances unanimously. Appellant did not object to the trial judge's instructions and therefore this issue is not preserved. *Torrence, supra.*

11) Consideration of Nonstatutory Mitigating Circumstances

Appellant contends the trial judge's instructions precluded the jury from considering nonstatutory mitigating circumstances. Appellant did not object and therefore this issue is not preserved. *Torrence, supra.*

12) Instruction on Standard of Proof for Other Crimes

Appellant contends the trial judge erred by failing to include in the instructions the standard of proof of other crimes necessary for the jury to consider these other crimes. Cheek testified that he and appellant began breaking into places in mid-1992. Although appellant objected to the introduction of this evidence, appellant did not object to the trial judge's charge regarding these prior crimes. Therefore, this issue is not preserved. *Torrence, supra.*

13) Imposition of Death Penalty for Seventeen-Year-Old

Appellant contends the imposition of the death penalty on a seventeen-year-old is cruel and unusual punishment under article I, § 15, of the State Constitution. This issue was not raised below and therefore it is procedurally barred. *Torrence, supra.*

14) Imposition of Death Penalty for Juvenile Offenders under § 16-3-20

Appellant contends § 16-3-20 is unconstitutional because it authorizes the imposition of the death penalty on a juvenile. Again, appellant did not raise this issue below and therefore it is procedurally barred. *Torrence, supra.*

15) Plain Error Rule

Appellant contends the Court should adopt a plain error rule. We decline to overrule or otherwise limit the holding in *Torrence, supra,* requiring a contemporaneous objection. In South Carolina, postconviction relief is an available remedy which provides defendants with great latitude in alleging errors below. Appellant will have ample opportunity to raise any unpreserved errors through postconviction relief.

## PROPORTIONALITY REVIEW

We have reviewed the record and conclude the death sentence was not the result of passion, prejudice, or other arbitrary factors and the evidence supports the jury's finding of the aggravating circumstances. S.C. Code Ann. § 16-3-25(C)(1)-(2) (1985). The death sentence is not excessive or disproportionate to the penalty imposed in similar cases. *See State v. Bell,* 305 S.C. 11, 406 S.E. (2d) 165 (1991); *State v. Green, supra.* Accordingly, appellant's convictions and sentence are

Affirmed.

TOAL, WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

FINNEY, C.J., concurs in separate opinion.

FINNEY, Chief Justice, concurring:

I reluctantly concur as I am bound by *stare decisis.* Four years ago this Court, over my objection, abandoned our long-standing policy of reviewing death cases *in favorem vitae. State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991). The majority in *Torrence* advanced two reasons for their ruling: (1) the availability of postconviction relief and habeas corpus and (2) deliberate abuse of the *in favorem vitae* doctrine by "sandbagging" defense counsel. Any claim of deliberate sandbagging in the past is amply refuted by a reading of the majority

opinion in the present case, which reflects a trial record replete with examples of unpreserved prejudicial error. In order to affirm here, the majority is forced to point to the inadequate, incomplete, and untimely remedy of postconviction relief. I strongly question whether the justice system, the public, the victim's family or the defendant is served by delaying final resolution of this case for several more years.

Nonetheless, lacking a majority willing to overrule *State v. Torrence* and reinstate *in favorem vitae*, I reluctantly concur.