481 S.E.2d 114

**STATE of South Carolina, Respondent,**

v.

**Fay W. HUGGINS, Appellant.**

**No. 24558.**

Supreme Court of South Carolina.

Heard Oct. 15, 1996.

Decided Jan. 20, 1997.

Rehearing Denied Feb. 25, 1997.

104

Jack B. Swerling, Columbia, and Paul V. Cannarella, Hartsville, for appellant.

Charles Molony Condon, Attorney General, John W. McIntosh, Deputy Attorney General, Salley W. Elliott, Assistant Deputy Attorney General, Criminal Appeals Section, Norman Mark Rapoport, Senior Assistant Attorney General, Columbia, and C. Gordon McBride, Solicitor, Fourth Judicial Circuit, Darlington, for respondent.

WALLER, Justice:

On appeal are Appellant's convictions of voluntary manslaughter and criminal conspiracy. We reverse.

## FACTS

The victim in this case was Appellant's husband of fifteen years, Dennis Huggins ("Victim"). On May 31, 1992, Appellant and Victim drove to Artemus Nichols's home. Victim wanted to confront Nichols about his having an affair with Appellant. Appellant and Nichols admitted the affair but claimed it was over before the night of the killing; Victim believed it was still going on. Nichols shot Victim at close range while Victim was seated in his truck on the passenger side. Victim was found with a gun in his hand.

Appellant and Nichols were indicted for murder and criminal conspiracy. During their joint trial they claimed the shooting occurred in self-defense when Victim pulled a gun on Nichols after Nichols ordered Victim and Appellant to leave. The state's theory was that the two planned Victim's death. Both Appellant and Nichols were convicted of voluntary manslaughter and criminal conspiracy.[1]

## ISSUES

I. Did the trial judge err in refusing to grant a mistrial based on the State's closing argument?

II. Did the trial judge err in charging the jury?

III. Did the trial judge err in admitting and excluding various evidence?

IV. Did the trial judge err in refusing Appellant's motion for a directed verdict?

## DISCUSSION

### I. Closing Argument

■ Appellant argues she was denied a fair trial because of remarks made during the state's closing argument. We agree.

On direct examination Appellant testified she told her brother sometime prior to Victim's death that she wished Victim was dead. She testified she told her brother this because she was upset with Victim after they had a violent fight. On cross-examination, the State questioned Appellant about a statement her brother made to police in which apparently he stated that Appellant told him she knew of a way to kill Victim. According to the State, Appellant's brother stated Appellant told him someone could enter Victim's cabin when he was sleeping and turn on the gas, and that she offered $4,000 for someone to do it. Appellant denied having said this and asked to see the statement, which the State did not give

---

1. Nichols has separately appealed his convictions, which we have reversed in a companion opinion also filed today. *See State v. Nichols*, 325 S.C. 111, 481 S.E.2d 118 (1997). We note that because they were tried jointly, Nichols and Appellant have several issues on appeal in common.

her. This statement was never entered into evidence, nor did Appellant's brother ever testify.

During the state's closing argument, the solicitor referred again to this alleged statement:

> But you know what she wants to do? She wants to hire a contract killer. Now, folks, let me say that to you again. Can you imagine that? I mean, some of us have always said, "I'm going to kill him one day." I say that about my boy every doggone day, I think. "I'm going to kill that boy if he don't get out of the bathroom." That's not what was being said. What was being said—what was being said was, I've got four thousand dollars. She identified the amount.
>
> . . . . .
>
> Four thousand dollars. And this is how you can do it. You can go in there when he's drunk into the cabin and turn the gas on. Can you imagine that? Can you imagine a woman saying that, thinking that? And you know who she says it to? Her, her blood brother, Buddy Weatherford.

 A solicitor may not rely on statements not in evidence during closing argument. *State v. Gaines*, 271 S.C. 65, 244 S.E.2d 539 (1978); *State v. Bottoms*, 260 S.C. 187, 195 S.E.2d 116 (1973). Arguments must be confined to evidence in the record (and reasonable inferences therefrom), although failure to do so will not automatically result in reversal. *State v. Copeland*, 321 S.C. 318, 468 S.E.2d 620 (1996); *State v. Cannon*, 229 S.C. 614, 93 S.E.2d 889 (1956). A new trial will not be granted unless the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *State v. Coleman*, 301 S.C. 57, 389 S.E.2d 659 (1990) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)).

Here, the alleged statement of Appellant's brother was not in evidence, nor did he testify regarding any such statement. We find the State's questioning of Appellant about the statement does not amount to putting this in evidence, particularly when Appellant denied having told her brother what was in the statement.[2] Furthermore, we find the reference to it

---

2. We reject the State's argument that Appellant cannot complain because she did not object to the solicitor's questions about the alleged

during closing argument fundamentally unfair under the circumstances of this case. The evidence showing Appellant's guilt was far from overwhelming; it was based entirely on circumstantial evidence. The reference to Appellant's having a plan and offering money for someone to kill Victim, when there was no evidence in the record that she had done so, was highly prejudicial in light of the fact that she was on trial for Victim's murder (and for conspiring to commit his murder). Therefore, the trial judge erred in refusing to grant a mistrial on this basis.

## II. Jury Charges

Appellant argues the trial judge erred in not giving a self-defense charge based on *State v. Fuller*.[3] We agree for the reasons expressed in *State v. Nichols*[4] and thus find Appellant entitled to a new trial on this additional ground.

■ Appellant additionally argues the trial judge erred in (1) charging the law of voluntary manslaughter and (2) refusing to give the jury supplemental instructions on the law of self-defense when they requested clarification on the law of murder, voluntary manslaughter and conspiracy after deliberation began. We affirm these issues for the reasons expressed in *Nichols*.[5]

---

statement during cross-examination. The cases cited for this proposition are distinguishable from the instant case in that in both of them the challenged testimony was actually admitted into evidence. *See State v. Glover*, 284 S.C. 152, 326 S.E.2d 150, *cert. denied*, 471 U.S. 1068, 105 S.Ct. 2147, 85 L.Ed.2d 503 (1985) (solicitor's closing remarks about defendant's post-arrest silence not reversible where similar comments about it had been made during trial); *State v. Sinclair*, 275 S.C. 608, 274 S.E.2d 411 (1981) (solicitor's closing remarks about what defendant was wearing not reversible where there was testimony from numerous witnesses about his apparel during trial).

3. 297 S.C. 440, 377 S.E.2d 328 (1989).

4. 325 S.C. 111, 481 S.E.2d 118 (1997).

5. We reject Appellant's argument that she cannot be guilty of voluntary manslaughter because she was not the shooter. *See State v. Putman*, 18 S.C. 175 (1882) (definition of voluntary manslaughter "does not necessarily limit the offense to the persons who actually did the deed when several were present"); *State v. Yoho*, 64 W.Va. 250, 61 S.E. 367 (1908). *See generally* Annotation, *Who Other Than Actor is Liable for*

## III. Evidence [6]

Appellant argues the trial judge erred in refusing to admit four checks signed by Victim into evidence during the testimony of a gas station attendant. We disagree.

This attendant was working the night Victim was killed. Appellant and Victim bought gasoline from his station that night. There was controversy over who had signed the gasoline ticket/receipt. The state claimed Appellant signed Victim's name because Victim was too intoxicated to write; Appellant claimed Victim signed it.

The gasoline ticket was admitted into evidence. After the attendant stated he had cashed some checks for Victim before, Appellant attempted to have four checks (which allegedly bore Victim's signature) admitted into evidence. Appellant wanted the checks admitted so the jury could compare the signatures on them to the signature on the gasoline ticket (ostensibly to show their similarity and thus authenticate Victim's signature on the latter). The attendant, however, stated he could not recognize the signature on the checks as Victim's and that he never saw Victim actually sign any of the checks he cashed. The trial judge refused to admit the checks.

We find Appellant's argument is wholly without merit because two of these checks were admitted without objection during Appellant's testimony. Because the evidence was admitted, no prejudice could possibly have resulted. In any

---

*Manslaughter*, 95 A.L.R.2d 174 (1964). We find it interesting that in another issue on appeal Appellant is asserting her entitlement to a self-defense charge, despite the fact that she was not the shooter.

**6.** Appellant has challenged the admission and exclusion of various evidence. We only address one in the body of this opinion. The remaining issues are affirmed pursuant to Rule 220 and the following authorities: *Issues IV(A)(1), IV(A)(3), IV(A)(4), IV(A)(7): State v. Black*, 319 S.C. 515, 462 S.E.2d 311 (1995) (contemporaneous objection required to preserve for appellate review); *State v. Williams*, 321 S.C. 455, 469 S.E.2d 49 (1996) (improperly admitted evidence harmless where cumulative); *State v. Carriker*, 269 S.C. 553, 238 S.E.2d 678 (1977) (appellant cannot utilize objection of another to gain appellate review); *State v. Hudgins*, 319 S.C. 233, 460 S.E.2d 388 (1995) (objection required to preserve appellate review). *Issues IV(A)(2), IV(A)(5), IV(A)(6), IV(A)(8): State v. Nichols. Issue IV(B)(1): State v. Jones*, 298 S.C. 118, 378 S.E.2d 594 (1989) (exclusion of evidence harmless where cumulative).

event, the trial judge's ruling was proper. The checks were admitted to provide an example of Victim's signature (i.e. a "control") from which to compare the signature on the gasoline ticket signed the night of the murder. If the witness could not authenticate Victim's signature on the checks, admitting them would have served no purpose other than to allow the jury to speculate. *See Pee Dee Prod. Credit Assoc. v. Joye*, 284 S.C. 371, 326 S.E.2d 650 (1984) (exemplar of signature for use in comparison to others must be authenticated by witness or handwriting expert); *State v. Sims*, 304 S.C. 409, 405 S.E.2d 377 (1991), *cert. denied*, 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992) (trial judge's ruling on admission of evidence within his discretion and will not be reversed on appeal absent abuse of that discretion).

*IV. Directed Verdict*

■■■■ Appellant argues the trial judge should have directed a verdict of acquittal because the evidence does not support the verdict in the case. In reviewing the refusal to grant a directed verdict, evidence must be viewed in the light most favorable to the state and if there is any direct or any substantial circumstantial evidence, reasonably tending to prove the guilt of the accused, the court must find the issues were properly to be decided by the jury. The trial judge should be concerned with the existence of evidence and not its weight. *State v. Venters*, 300 S.C. 260, 387 S.E.2d 270 (1990).

Viewing the evidence in the light most favorable to the state, there was sufficient evidence presented to submit the issue of Appellant's guilt to the jury. We therefore find no error.

Finally, we affirm the remaining issues Appellant raises pursuant to Rule 220 and the following authority: *State v. Nichols*, 325 S.C. 111, 481 S.E.2d 118 (1997).

## CONCLUSION

We find the solicitor's closing argument and the trial judge's inadequate self-defense charge deprived Appellant of a fair trial. We therefore reverse and remand this case for a new trial.

REVERSED AND REMANDED.

FINNEY, C.J., MOORE and BURNETT, JJ., and GEORGE T. GREGORY, Jr., Acting Associate Justice, concur.