490 S.E.2d 16

The STATE, Respondent,

v.

David BEAN and James Stoltz, Appellants.

No. 2699.

Court of Appeals of South Carolina.

Heard June 4, 1997.

Decided July 21, 1997.

Randall K. Mullins, North Myrtle Beach, for appellants.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Columbia; Solicitor Ralph J. Wilson, Conway, for respondent.

PER CURIAM:

David Bean and James Stoltz appeal their convictions for violation of section 16–15–365 of the South Carolina Code, a statute that prohibits "lewd and lascivious" behavior. S.C.Code Ann. § 16–15–365 (Supp.1996). They argue, *inter alia*, that the trial judge erred in refusing to grant a directed verdict because the State failed to introduce evidence they knowingly committed a crime. We reverse.

## *FACTS*

Appellants were indicted under section 16–15–365 of the South Carolina Code based on their ownership of Derriere's, a nightclub in Myrtle Beach that features nude dancing.[1] Two undercover police officers visited the club shortly after it opened. One of the officers testified that the women would "periodically bend over," expose themselves to the audience, and "position themselves in front of the men so that they had ample view of their bodies." The videotape of these events was shown to the jury during trial.

Prior to the undercover operation, the police department received information that dancers at Appellants' club were performing "totally nude." Chief Samuel Killman subsequently telephoned Appellant Stoltz. Killman told him that Derriere's had nude dancers and that nude dancing was illegal. Officer Warren Gall also telephoned Stoltz and repeated Chief Killman's warning. The State introduced no evidence that the police officers warned Appellants that the dancers were bending over and that such acts could be considered lewd and lascivious.

Appellants were not present at the club when the videotaping occurred, nor was there any evidence offered that the videotaped conduct had occurred previously. When asked whether the police had any evidence that either Appellant aided, directed, or procured such conduct, one of the undercover officers answered, "No." Thus, there was no evidence presented that Appellants were aware that any of the nude

---

1. Derriere's was the only club in Myrtle Beach to have completely nude dancers.

dancers were bending over or that the police would consider such actions lewd and lascivious.[2]

At the close of the State's case, Appellants' counsel requested a directed verdict. He argued the State failed to introduce any evidence that his clients had "knowingly" allowed lewd and lascivious conduct to occur. The trial judge denied the motion and submitted the case to the jury.

## SCOPE OF REVIEW

In reviewing the trial judge's refusal to grant a directed verdict, the appellate court must view all evidence in the light most favorable to the State. *State v. Huggins*, 325 S.C. 103, 481 S.E.2d 114, 118 (1997). The court must affirm this decision if there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused. *Id.* The trial judge must evaluate only the existence of evidence, not its weight. *Id.*

## DISCUSSION

Appellants argue the State presented no evidence that they knowingly committed an illegal act. They assert, therefore, that the trial judge should have directed a verdict in their favor at the close of the State's case. We agree.[3]

This state's "morality and decency" statute provides:

Any person who wilfully and knowingly exposes the private parts of his person in a lewd and lascivious manner and in the presence of any other person, or aids or abets any such act, or who procures another to perform such act, *or any person, who as owner, manager, lessee, director, promoter, or agent, or in any other capacity knowingly hires, leases, or permits the land, building, or premises of which he is owner, lessee, or tenant, or over which he has control, to be used for purposes of any such act,* is guilty of a misdemeanor and, upon conviction, must be imprisoned for not more

---

2. In their case, Appellants introduced evidence that Derriere's had a policy prohibiting dancers from bending over.

3. Appellants raise other allegations of error, but we need not address them in light of our resolution of this issue.

than six months or fined not more than five hundred dollars, or both.

S.C.Code Ann. § 16–15–365 (emphasis added). Appellants, as owners and operators of Derriere's, were indicted under the emphasized portion of the statute.

"Knowingly" is defined statutorily as "having general knowledge of the content of the subject material or performance, or failing after reasonable opportunity to exercise reasonable inspection which would have disclosed the character of the material or performance." S.C.Code Ann. § 16–15–305(C)(5) (Supp.1996). Viewing the evidence in the light most favorable to the State, we find the State failed to introduce any direct or substantial circumstantial evidence that Appellants knowingly allowed their employees to conduct themselves in a lewd and lascivious manner.

The State argues that the conversations Officers Killman and Gall had with Appellants about nude dancing put them on notice that obscene dancing might occur. Significantly, the *only* notice the State provided to Appellants was in regard to nude dancing. Knowledge of nude dancing, however, is not necessarily knowledge of lewdness. Nude dancing per se is not illegal. *Diamonds v. Greenville County,* 325 S.C. 154, 480 S.E.2d 718 (1997) ("state criminal laws addressing the subject of public nudity do not prohibit nude dancing alone"); *Connor v. Town of Hilton Head,* 314 S.C. 251, 254, 442 S.E.2d 608, 609 (1994) (state laws governing nudity do not prohibit nude dancing per se). Only *obscene* dancing violates the statute. *State v. Bouye,* 325 S.C. 260, 484 S.E.2d 461 (1997).

The State also argues that management's failure to stop the conduct shown on the video is some evidence Appellants acquiesced in the style of dancing and thus knew of the lewd and lascivious behavior. We disagree that this satisfied the "knowingly" requirement of the crime charged. At best, the video showed only that the dancers, who were not prosecuted, knowingly engaged in conduct which a jury determined to be lewd and lascivious. Evidence that this type of dancing occurred on only one night when Appellants were not present is not, without more, sufficient to prove that Appellants "knowingly" allowed this conduct to occur.

Therefore, because the State failed to produce any direct or circumstantial evidence on the "knowingly" element of section 16–15–365, the trial judge should have directed a verdict in Appellants' favor.

**REVERSED.**

CURETON, HEARN, and STILWELL, JJ., concur.