**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joshua A. Reed, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-000555

_____

Appeal From Darlington County
Roger E. Henderson, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-083
Heard October 13, 2021 – Filed March 2, 2022

_____

**AFFIRMED**

_____

Appellate Defender Joanna Katherine Delany, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

_____

**PER CURIAM:** In this appeal from an application for post-conviction relief (PCR), Joshua Reed asserts the PCR court erred in finding his trial counsel was not ineffective for failing to object or move for a mistrial or severance when Reed's

codefendant injected facts not in evidence during his opening and closing statements. We disagree.

1. We find trial counsel's failure to object to the comments made by the codefendant during his closing arguments was deficient. *See Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) ("The burden of proof is on the Applicant in post-conviction proceedings to prove the allegations in his application."); *Suber v. State*, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007) (stating appellate courts defer to the PCR court's findings of fact and will uphold them when there is any evidence of probative value in the record to support them); *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017) (stating appellate courts do not defer to the PCR court's rulings on questions of law); *Jordan v. State*, 406 S.C. 443, 448, 752 S.E.2d 538, 540 (2013) (finding appellate courts review questions of law de novo). Reed and his codefendant were tried jointly. The codefendant did not testify at trial. During closing arguments, codefendant's counsel made statements explaining why the codefendant did not testify at trial and implied that he had knowledge from the codefendant that Reed was the shooter. *See Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) ("In order to establish a claim for ineffective assistance of counsel, the applicant must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case."); *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 102 (2013) (stating deficiency "is measured by an objective standard of reasonableness"). Because the codefendant did not testify or implicate Reed as the shooter, we find that a reasonable attorney would have objected to the codefendant's closing argument and that Reed's counsel's failure to object was deficient under prevailing professional norms. *See State v. Huggins*, 325 S.C. 103, 107, 481 S.E.2d 114, 116 (1997) (stating an attorney's arguments "must be confined to evidence in the record (and reasonable inferences therefrom)").

2. Although trial counsel's failure to object was deficient, we find Reed was not prejudiced by the comments of the codefendant's counsel. *See Taylor*, 404 S.C. at 359, 745 S.E.2d at 102 (explaining to establish prejudice, an applicant must show that "but for counsel's error, there is a reasonable probability the result of the proceedings would have been different"); *id.* ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984))). At trial, Reed faced three eyewitnesses who were all within several yards of Reed and the victim at the time of the shooting and who all identified Reed as the shooter. After the shooting, at

the police station, all three witnesses had no trouble identifying Reed and the codefendant, and they did not have trouble identifying Reed as the shooter in a photo lineup. Further, all three witnesses stated Reed and the codefendant approached and fled the scene in a green truck. While not dispositive of who shot the victim, an exhaust pipe found at the crime scene matched the green truck officers later found at Reed and the codefendant's home. Also, officers performed a gunshot residue test on Reed and the codefendant. Although both tested positive for gunshot residue, Reed had gunshot residue on the palm and backside of his right hand, and he also had residue on the shirt he was wearing when officers arrested him hours after the shooting. Conversely, the codefendant only had one particle of residue on the backside of his left hand. Finally, the trial court cautioned the jury that codefendant's counsel's remarks were not evidence. Because the evidence against Reed solely pointed to him as the shooter, we find Reed was not prejudiced by trial counsel's failure to object or move for severance or a mistrial during the codefendant's opening and closing statements. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *Frazier v. Cupp*, 394 U.S. 731, 736 (1969) ("Even if it is unreasonable to assume that a jury can disregard a coconspirator's statement when introduced against one of two joint defendants, it does not seem at all remarkable to assume that the jury will ordinarily be able to limit its consideration to the evidence introduced at the trial.").

**CONCLUSION**

Based on the foregoing, the PCR court's order is

**AFFIRMED.**

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**